265 So.2d 69 (1972)
Frederick R. MERRITT and Francesca B. Merritt, His Wife, Appellants,
v.
Richard K. DAVIS, and S. George Albion, an Escrow Agent, Appellees.
No. 71-1397.
District Court of Appeal of Florida, Third District.
August 8, 1972.
Louis Schneiderman, Miami, for appellants.
Hall & Hedrick and Michael D. Sikes, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Plaintiffs-sellers appeal the entry of a summary final judgment in favor of the defendants-purchasers in an action to recover a $5,000 deposit being held in an escrow agent's possession in connection with a written contract for the purchase and sale of real property. We affirm.
The deposit receipt agreement contained the following provisions:
"The terms and condition of sale are:
1. All cash at closing.
2. The buyer is entering into this Agreement subject to obtaining a mortgage in the sum of $76,000.00 at 7 1/2% interest from an institutional lender. It is understood that the buyer shall, within thirty (30) days of the date of this Agreement notify the sellers in writing if this condition has not been met, in which event the deposit made herewith shall be returned forthwith to the buyer and neither party shall have any rights hereunder."
The purchaser declined to go through with the transactions for failure to obtain a mortgage in the amount of $76,000.00 from an institutional lender, and the sellers sued to recover the deposit money.
*70 The point on appeal is whether the condition precedent of "obtaining a mortgage in the sum of $76,000 at 7 1/2 per cent interest from an institutional lender was substantially met by a $74,400 institutional mortgage and a purchase money second mortgage for $1,600 on the same terms and conditions as the institutional mortgage." The trial court granted defendant's motion for summary judgment, and set forth in the judgment that there was no genuine issue of fact; that the deposit receipt agreement provided that the defendant would pay "all cash at closing"; that "all cash at closing" did not contemplate any obligation upon the defendant-purchaser to accept plaintiffs-sellers' offer of a second mortgage to supplement a commitment for less than the prescribed $76,000 financing; that the defendant was justified in rescinding said agreement because of his inability to fulfill the condition precedent, and that as a result the defendant is entitled to have his deposit of $5,000 returned to him.
Florida early recognized the rule that "`[a] contract or promise to pay may be restricted to a particular fund, so as to make the raising or the sufficiency of the fund a condition precedent to the liability, and in such case the promise cannot be enforced until the fund is realized, unless the failure to realize or collect the fund from which payment is made is due to the neglect, or to the unreasonable refusal to act, of the promisor, or is otherwise attributable to him.'" Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421, 427. The case of Savich v. Ruiz, 32 So.2d 415 (La. App. 1947) is similar, for the purchaser in that case could not secure a full mortgage loan commitment of $4,000 as called for in the written contract, but only $3,800. The purchaser was not required to accept the offer of the broker to himself pledge $250 of stock in the lending institution so that a $4,000 loan to the purchaser could be completed. The Louisiana court attached importance to the objective determination of the value of the New Orleans property confirmed by a mortgage commitment of an institutional lender. In Kovarik v. Vesely, 3 Wis.2d 573, 89 N.W.2d 279 (1958), two justices dissenting, financing was determined to be the sole issue, particularly in the absence of evidence explaining why the $7,000 mortgage was to be secured from the Fort Atkinson Savings and Loan Association. The Wisconsin trial court found as a fact that the purchasers were not interested in financing a $7,000 mortgage with any particular loaning agency. Also, in Kovarik v. Vesely, the contract terms were that: "this offer is contingent upon buyer's ability to arrange above described financing." In the case sub judice we therefore conclude that the contract provision was not solely concerned with financing as in Kovarik v. Vesely.
We have considered the record on appeal, briefs, argument of counsel and have concluded that the trial court was correct in entering the summary final judgment for the defendants-purchasers for the reasons set forth above. Therefore the summary final judgment appealed is affirmed.
Affirmed.