345 So.2d 745 (1977)
ALLINGTON TOWERS NORTH, INC., a Florida Corporation, Appellant,
v.
Daniel TEICH, Appellee.
No. 75-711.
District Court of Appeal of Florida, Fourth District.
April 1, 1977.
Allan M. Rubin, Glickstein, Rubin & Rubinchik, Hollywood, for appellant.
Mark S. Roth, Miami Beach, for appellee.
DANAHY, PAUL W., Associate Judge.
Appellant/Defendant in the trial court was a condominium developer and Appellee/Plaintiff was the contract purchaser of one of its condominium units. This is an appeal from an Order and Final Judgment; (1) granting purchaser's Motion for Summary Judgment and awarding him, with costs, his $4,450 Purchase Agreement deposit; (2) denying the developer's Motion for Summary Judgment, and; (3) granting developer's Motion to Strike the purchaser's claim for attorneys' fees and punitive damages.
In its two points on appeal, Appellant urges us to reverse because the trial court misapplied the evidence and the law in granting a Summary Judgment, and also because it was error for the trial court to fail to strike one of Appellee's supporting affidavits which did not comport with Fla. R.Civ.P. 1.510(e).
Because we agree with Appellant's first point, and now reverse, it is unnecessary to reach the second.
In their Purchase Agreement, the purchaser agreed to buy the condominium unit from the developer for $44,500. The purchaser paid the deposit and, among other things, agreed to assume a mortgage of $33,375 at closing. The Agreement, in pertinent part, provided:
"1. Purchaser agrees to purchase an apartment for the price set forth above. The purchase price shall be paid to Seller by: a) ____ b) ____ c) By agreeing to assume and pay a first mortgage upon the apartment in the amount indicated above, which mortgage shall require the *746 pre-payment of principal together with interest at the prevailing rate at the time of closing in equal monthly installments over a period of at least twenty (20) years; Purchaser agrees to furnish the financing institution with a credit report and any other information deemed necessary by the financing institution, to approve the financial ability of the Purchaser; ..." (Emphasis ours)
The purchaser applied for the mortgage in the amount described in the agreement to Chase Federal Savings and Loan Association. The application was accompanied by certain financial data which did not include copies of his income tax returns. The record reflects considerable communication between Chase's loan officer, loan committee and the Purchaser, the result of which was the approval by Chase for a loan in a lesser amount than that requested by Purchaser. Chase's reasons at that point for approving the lesser amount were that the Purchaser refused, after requested to do so, to provide copies of his income tax returns, and because of its restrictive loan policy on non-owner occupied units. But in its communications with the Purchaser, Chase agreed to waive the non-owner occupied requirement and to continue to process the application for the amount requested by the Purchaser.
In the trial court, the Purchaser contended that he tried and failed to obtain the mortgage loan in the requested amount, and that, therefore, there was a failure of the condition precedent to his liability to the developer. The developer's position was that the Purchaser failed, under the terms of the Agreement, to comply with Chase's requests for copies of his income tax returns, and that thereby the Purchaser made it impossible for Chase to act favorably on the requested amount. The developer additionally urges the applicability of the general proposition recited by us in such cases as Bruce Builders, Inc. v. Goodwin, 317 So.2d 868 (Fla. 4th DCA 1975), that a Purchaser in default cannot recover from the seller money paid in part performance of an executory contract.
A study of the recent history of Florida's Summary Judgment Rule discloses the continuing difficulty our courts have in applying it. See NOTE, The Procedural Mirage: Post-Hall Summary Judgment Law in Florida, 27 U.Fla.L.Rev. 729 (1975).
In Fletcher Co. v. Melroe Manufacturing Co., 261 So.2d 191 (Fla. 1st DCA 1972), the law is correctly stated as follows:
"When reviewing the propriety of a summary judgment, the classic inquiry is whether or not there remains any genuine issue of material fact. If issues of fact exist and the slightest doubt remains, a summary judgment cannot be granted. And, of course, all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party."
After reviewing the pleadings, interrogatories, admissions and depositions, the trial court found the Purchaser carried his burden of conclusively showing that no genuine issue of material fact remained. Reviewing the record on appeal most favorably to the developer, as we must, the question of whether the purchaser was in default of Paragraph 1(c) of the Agreement by not supplying the requested copies of his income tax returns to Chase, does pose a genuine issue of material fact which must be resolved by the trier of fact and not by way of Summary Judgment.
REVERSED and REMANDED for further proceedings.
DOWNEY and ALDERMAN, JJ., concur.