406 So.2d 1269 (1981)
Walter J. BROWN and Muriel A. Brown, His Wife, and Florida Executive Realty, Inc., Appellants,
v.
Paul E. MATTON, Appellee.
No. 81-467.
District Court of Appeal of Florida, Fourth District.
December 9, 1981.
Bennett S. Cohn, Lake Worth, and Carl L. Campbell, Palm Beach, for appellants.
William M. Layton, Lake Worth, for appellee.
LETTS, Chief Judge.
This appeal comes to us from a final judgment which returned the deposit on a real estate contract to the buyer because the contract was contingent upon the buyer securing a mortgage which he failed to obtain. We reverse.
The particular contingency provision read as follows:
This contract is contingent upon buyers securing an 85% mortgage at financial institution at current rate and terms within 30 days.
During the non-jury trial of this cause, considerable evidence was introduced by both sides about whether or not the buyer made a good faith effort to secure the financing. Normally the resolution of such a question would be one which we would leave to the trier of the facts. However, in this particular instance the judge's final order unequivocally returned the deposit to the purchaser solely because:
The way the contract is written, the responsibility for providing such financing is upon the seller or the real estate agent within thirty (30)days if either are to declare a forfeiture. In this case the plaintiff went further in attempting to close the transaction than was required by the contract.
We believe that the trial judge was wrong in so interpreting the contingency provision. Not only are we of the opinion that the quoted contingency does not place the responsibility of securing the financing upon the seller or the real estate agent, to the contrary we feel that the language employed quite clearly places the burden of obtaining the financing upon the buyer.
*1270 Notwithstanding our disagreement with the trial judge's reasoning we would nonetheless affirm if we were convinced that he had the right result although for the wrong reason. See Firestone v. Firestone, 263 So.2d 223 (Fla. 1972). However, our perusal of the record on the question of whether the purchaser made a good-faith effort to secure the financing is not convincing one way or the other and the trial judge made no such finding.
As a consequence, this cause is reversed for a new trial on the issue of whether or not the buyer made a good-faith effort to secure financing from an institutional mortgage lender at current rates and terms within thirty (30) days.
REVERSED AND REMANDED.
ANSTEAD and HERSEY, JJ., concur.