416 So.2d 11 (1982)
Ronald R. FIELDSTONE and Linda Fieldstone, Appellants,
v.
Chol CHUNG and Sunny Chung, Appellees.
Nos. 81-1750, 81-1791.
District Court of Appeal of Florida, Third District.
June 8, 1982.
Rehearing Denied July 19, 1982.
Fieldstone, Oliver, Kluger, Sumberg & Mondre and David W. Trench, Miami, for appellants.
Walters, Costanzo, Miller & Russell and Nancy J. Cliff, Miami, for appellees.
Before BARKDULL, BASKIN and JORGENSON, JJ.
BARKDULL, Judge.
The Fieldstones, as sellers, and the Chungs, as purchasers, entered into a contract for the purchase and sale of a residence for a total price of $165,000.00, among other things, the contract and its addendum provided as follows:
1. Purchasers shall immediately apply for, and make every diligent effort to qualify for and obtain at Purchaser's expense, a Mortgage Commitment from any lending institution in an amount of at least $132,000. at the current prevailing rate of Interest. Purchasers shall be granted a period of 30 days to obtain this Mortgage Commitment. In the event this Mortgage Commitment cannot be obtained by Purchasers after expending every diligent effort within 45 days, then all monies on deposit shall be returned to Purchasers, and all Parties released of all obligations; and, this agreement terminated.
2. In the event that Purchasers do not qualify for the full amount of $132,000. *12 then Sellers agree to take back a second mortgage securing an amount of up to $15,000. which amount shall bear interest of the rate of 12% (twelve percent) per annum, payable based upon a 10 year amortization with a two year balloon payment. Accordingly, if Purchasers qualify for a first mortgage of at least $117,000. then Purchasers shall be obligated and be bound by this contract.
The Chungs made several loan applications to various lending institutions but were unable to secure a loan commitment any larger than $110,400.00, because of the appraisal on the house or their income would not service a loan for a greater amount than $110,400.00. The plaintiffs instituted suit, claiming the right to retain one-half the $11,000.00 deposit posted under the contract and/or damages for breach of contract. After depositions disclosed that, among other things, the Chungs may have had a greater income than reported on some of their loan applications, the trial court entered a final summary judgment for the Chungs, returning to them the $11,000.00 deposit and awarded them $5,444.00 as attorney's fees pursuant to Section 57.105, Florida Statutes (1978).
This appeal ensued. The Fieldstones urge error in both awards. We agree. We are not able to say on this record that the trial court could, as a matter of law, hold that the Chungs used "every diligent effort" to secure the minimum loan commitment required by the terms of the agreement and remove this question from a trier of fact. Normally, the question of the use of due diligence is a question of fact. Allington Towers North, Inc. v. Teich, 345 So.2d 745 (Fla. 4th DCA 1977); Beekay Realty Corp. v. Cayre, 256 So.2d 539 (Fla. 3d DCA 1972). As to the attorney's fees, the final summary judgment being reversed, this award will likewise be set aside. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982).
Therefore, the final summary judgment and the order awarding attorney's fees are both reversed and the matter returned to the trial court for further proceedings not inconsistent with this opinion.
Reversed and remanded, with directions.