415 So.2d 802 (1982)
William L. MEYERS, Appellant,
v.
David A. CUNNINGHAM, Evelyn B. Cunningham, Audrey A. Elver and Elver-McBride Assoc., Inc., Appellees.
No. 81-2020.
District Court of Appeal of Florida, Third District.
June 15, 1982.
Rehearing Denied July 2, 1982.
Frigola, DeVane & Wright, P.A. and Thomas D. Wright and Leonard J. Cooperman, Marathon, for appellant.
Michael H. Cates, Key West and Thomas J. Dowdell, III, Marathon Shores, for appellees.
Before HUBBART, C.J., SCHWARTZ, J., and PEARSON, TILLMAN (Ret.) Associate Judge.
PER CURIAM.
The final judgment under review is reversed and the cause is remanded to the trial court with directions to enter judgment for the plaintiff William L. Meyers as prayed for in his complaint. The uncontradicted evidence in this record establishes that the plaintiff Meyers was entitled to the return of his $13,000 deposit sued for in this action under the contract which he entered into for the purchase of certain realty in Monroe County, Florida.
The subject contract of sale was made expressly contingent on the plaintiff Meyers, as buyer, obtaining a certain mortgage loan within thirty (30) days of the date of the contract; either party was authorized to cancel the said contract if the above mortgage loan was not obtained within the above-stated time period. It is undisputed that the plaintiff Meyers made application for the said mortgage loan at a savings and loan association in Marathon, Florida, within a week of the signing of the above-stated contract; subsequently, the plaintiff Meyers supplied the above institution with all *803 the necessary information requested with reference to the loan application. It is equally undisputed that the said institution refused the requested loan application, that as a result the said mortgage loan was not obtained within the time period required by the contract, that the plaintiff Meyers elected to cancel the contract and demanded the return of his $13,000 deposit, and that the defendants David and Evelyn Cunningham, as sellers, refused to authorize the return of the deposit.
The trial court below concluded that the plaintiff Meyers was not entitled to the return of his $13,000 deposit because he did not use reasonable diligence as required by the contract to procure the mortgage loan in question. We cannot agree. The plaintiff Meyers applied promptly for said loan at a recognized savings and loan association and thereafter supplied that institution with all the necessary information required to process the said application. We are at a loss to understand what more the plaintiff Meyers could have done in order to pursue this loan. Based on the express terms of the contract, it is clear that the plaintiff Meyers was entitled to the return of his deposit. Merritt v. Davis, 265 So.2d 69 (Fla.3d DCA 1972).
Reversed and remanded.