418 So.2d 471 (1982)
Jeffrey AHL and Rebecca Ahl, His Wife, Appellants,
v.
RSM DEVELOPERS & ASSOCIATES LIMITED and Rsm Developers, Inc., Appellees.
No. 81-808.
District Court of Appeal of Florida, Fourth District.
September 1, 1982.
Arthur M. Wolff of Wolff & Gora, P.A., Fort Lauderdale, for appellants.
Peter B. Weintraub of Shapiro, Leder, Kimler, Entin & Werksman, Deerfield Beach, for appellees.
LETTS, Chief Judge.
A contract purchaser who was unable to close on a house sale, seeks a return of his deposit claiming he made a reasonable, albeit unsuccessful effort to carry out the contingency contained in the contract. The trial judge disagreed and ordered a forfeiture. We reverse.
The purchase agreement clearly provided that the buyer had to obtain his mortgage financing from the particular lender from whom the seller/builder had obtained his construction loan. Equally clearly, if the buyer could not obtain the financing from that lender, the seller was to designate another lender or refund the deposit. Pursuant to the agreement, the purchaser obtained a commitment from the seller's designated lender but that commitment in turn required the buyer to sell the house he already owned before the financing would be *472 available. This last requirement proved to be the buyer's undoing for he did not sell his already existing home. Accordingly, the deal fell through and he wants his deposit back.
The seller, on the other hand, while admitting to all of the above, claims that the buyer did not make a good faith effort to sell his existing home because he listed it far above its fair market value. The trial judge apparently agreed, concluding in open court as follows:
The Court would note that one of the elements of a situation of this nature, would be that there ought to be a fair market value listing, and whether or not it is in terms to that extent, this court would not presume. But, the facts would indicate that if such facts were presented on the Plaintiff's case, and that if it were a fair market value offering, by the very definition of that term, the sale would have transpired by this time.
Also, the fact that the parties all understood that the home was going to have to be sold would give certain options and certain risks known to the Plaintiff at the time the Plaintiff undertook that; the risk being, if one didn't drop the purchase price to where it would have taken, there was a risk of losing the amount of money which was deposited.
We would reaffirm our conclusion in Brown v. Matton, 406 So.2d 1269 (Fla. 4th DCA 1981), to the effect that in a non jury trial the question of whether a purchaser makes a good faith effort to secure the financing is a question of fact to be resolved by the judge. However, we have read the entire transcript of this trial and can find no substantial competent evidence that the buyer listed his existing house for sale far above its fair market value. To the contrary the buyer, himself a real estate broker, testified unequivocally that he had listed it at fair market value and had expended $4,000 in advertising it for sale. His testimony remained totally uncontroverted.
In the trial judge's comments first above quoted, even he appears to state at first that he would not presume to pass on whether or not it was listed at fair market value. However, he then goes on to base his conclusion that it was not listed at fair market value by suggesting that it couldn't have been or the house would have sold. We cannot agree with that. Nor do we agree that a good faith effort to sell the house requires the owner to lower the price to whatever level is necessary to secure a sale.
The only evidence in the record which might support a finding that the house was listed at a price above its market, was the confession by the appellant that he was trying to sell his existing house for 62 per cent more than he paid for it, including renovations, about 18 months before. Yet we note the trier of the fact did not rely on this particular facet of the case for his conclusion. Moreover, we take judicial notice of the fact that buying houses, fixing them up and quickly reselling them for enormous profit is standard modus operandi in the fast moving Florida real estate market.
In sum, we find no substantial competent evidence to refute the buyer's unequivocal testimony that he made extensive reasonable good faith efforts to sell his existing home at market value. This being so, in the absence of a designation by the seller of an alternative lender within the applicable time span, the buyer is entitled to a return of his deposit.
We find no merit in the other point on appeal concerning entitlement to punitive damages.
This cause is reversed for entry of a final judgment in accordance herewith.
REVERSED.
DOWNEY and HURLEY, JJ., concur.