450 So.2d 332 (1984)
Mack HOBBLEY and Dorothy H. Hobbley, Appellants,
v.
SEARS, ROEBUCK AND COMPANY, Appellee.
No. AU-67.
District Court of Appeal of Florida, First District.
May 23, 1984.
J. Dixon Bridgers, III of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Pensacola, for appellants.
*333 Thomas E. Wheeler, Jr. of Fisher, Bell, Hahn & Schuster, Pensacola, for appellee.
JOANOS, Judge.
Mack Hobbley and Dorothy Hobbley appeal from the trial court's final judgment striking Count II of their complaint  a claim for damages for physical discomfort and embarrassment. The issue before us is whether the damages sought by the Hobbleys were in contemplation of the respective parties at the time of entering into the agreement. We reverse in part.
The evidence presented included the following. On December 3, 1980, the Hobbleys, long-time customers of Sears, had a Sears serviceman perform a routine service inspection of their furnace. The serviceman recommended that the furnace be replaced as it was unsafe for use. The Hobbleys then purchased a new furnace from a Sears salesman, who checked their premises before advising them concerning the model to purchase. The purchase price included the cost of installation, and the Sears salesman arranged for installation by a Sears installer. In the opinion of the Sears salesman, who had thirty years of experience in the sales and installation of units similar to the one he sold the Hobbleys, it was possible by removing the exterior cover of the furnace, to place the new furnace in the area occupied by the old one. The installer disagreed, maintaining that the new furnace could not be placed in the Hobbleys' attic without making structural changes in the roof trusses. As it turned out, the installer refused to perform the work at the price quoted by Sears, yet Sears failed to explain this to the Hobbleys.
The availability of the Hobbleys in order to have the installation performed is in dispute. According to Sears, the Hobbleys were difficult to reach. On the other hand, the Hobbleys testified that they were both employed by the county school system and were available at home after 3:00 p.m., and that they had tried repeatedly, without success, to reach an agreement with Sears' service personnel. Although Sears never installed the furnace, the Hobbleys were billed by Sears and they paid in full for the furnace, for insulation, and for installation.
During the winter of 1980-1981 (December, January and February), the Hobbleys relied on three space heaters for warmth. In addition to the fact that the space heaters were inadequate for the purpose, due to the wiring in the Hobbleys house they could not all be used at the same time. The Hobbleys testified to their embarrassment when guests in their home implied they had not paid their electric bills. Mr. Hobbley testified too that the cold house aggravated his arthritic condition.
Finally, around March 1, 1982, the Hobbleys bought a furnace from another company and had it installed. In May 1981 the Hobbleys sued Sears for the purchase price of the furnace, plus interest, and in Count II  they sued for expense incurred for space heaters and for their physical discomfort and embarrassment. The Hobbleys prevailed on the Count seeking return of the purchase price, but the trial court struck the Count II claim for damages for physical discomfort and embarrassment.
Damages are awarded in a breach of contract action as an attempt to place the injured party in the position he or she would have occupied had the contract been performed. Hodges v. Fries, 34 Fla. 63, 15 So. 682, 684 (1894). To be recoverable, such damages must arise naturally from the breach, or have been in contemplation of both parties at the time they made the contract, as the probable result of a breach. Hadley v. Baxendale, 9 Exch. 341, 156 Eng.Rep. 145 (1854). See also: Brock v. Gale, 14 Fla. 523 (1874).
We agree with the trial court that a jury may not consider "intangible"[1] damages such as embarrassment as an element of compensation damages in a contract action. Nevertheless, we do find that the Hobbleys' claim for physical discomfort, although inartfully framed, clearly has merit. (While this claim should have been framed *334 as a claim for "loss of use,"[2] under notice pleading the claim was adequately presented.) We find that it was readily foreseeable that the Hobbleys would need heat in the winter. They acted to replace their old furnace on the advice of Sears' service personnel, and they negotiated the purchase of a new furnace on the advice of Sears' sales personnel. We find that the physical discomfort suffered by the Hobbleys because of Sears' failure to install their new furnace was clearly in the contemplation of the parties at the time they entered into the agreement. The value of a warm home during the winter months, is not so uncertain or speculative as to be impossible to fix in a monetary award. Therefore, we reverse that portion of the Count II dismissal which claimed damages for physical discomfort and remand to the trial court for proceedings consistent with this opinion.
BOOTH and SHIVERS, JJ., concur.
NOTES
[1] Northamerican Van Lines, Inc. v. Roper, 429 So.2d 750, 752 (Fla. 1st DCA 1983).
[2] See Hampton-Chrysler-Plymouth-Dodge, Inc. v. White, 448 So.2d 87, 88 (Fla. 1st DCA 1984).