DELL, Judge.
The buyers appeal from an adverse summary judgment in their action to recover the deposit they paid in a real estate transaction. We reverse and remand.
In March of 1981, appellants entered into a contract for the sale and purchase of a *780 garden apartment. They paid a total deposit of $5,990. Appellee’s form contract contained the following handwritten clause regarding financing:
12(g) Should the Purchaser fail to obtain a loan the Seller agrees to refund all deposit monies, provided that the Purchaser has made a diligent effort to obtain said loan from three lending institutions.
In late May, appellee offered financing to appellants, which they did not accept. Thereafter, appellants submitted applications to three lending institutions, which denied their applications. Appellants demanded the return of all deposit monies pursuant to Paragraph 12(g) of the purchase agreement. Appellee refused and advised appellants that it was retaining the deposit monies as liquidated damages. Appellants brought this action to recover their deposit. Both parties moved for summary judgment. The trial court denied appellants’ motion and granted ■ appellee’s motion.
Appellants contend that they made a diligent effort to obtain institutional financing and that the denial of their application by three lending institutions entitled them to the return of their deposit. Appel-lee, on the other hand, argues that appellants had a duty to make a good faith effort to secure financing and that their failure to pursue or accept available financing precludes the return of the deposit.
The first question which must be answered is whether appellants’ failure to accept financing from appellee entitles appellee to retain the deposit as a matter of law. The plain language of paragraph 12(g) relates only to institutional financing. The first phrase, “Should the Purchaser fail to obtain a loan the Seller agrees to refund all deposit monies,” cannot be separated from the standard agreed to by the parties which is defined in the second phrase, “provided that the Purchaser has made a diligent effort to obtain said loan from three lending institutions.” (Emphasis added.)
Since the only financing actually made available to appellants consisted of appel-lee’s offer of financing, and the contract contemplated financing from a lending institution, appellants did not act at their peril when they rejected appellee’s offer of financing. See Merritt v. Davis, 265 So.2d 69 (Fla. 3d DCA 1972). Therefore, summary judgment must be reversed.
Appellants contend that they are entitled to summary judgment. We disagree. Appellants can only recover their deposit if they “made a diligent effort to obtain said loan from three lending institutions.” “Normally, the question of the use of due diligence is a question of fact.” Fieldstone v. Chung, 416 So.2d 11, 12 (Fla. 3d DCA 1982); see also Allington Towers North, Inc. v. Teich, 345 So.2d 745 (Fla. 4th DCA 1977).
Therefore, the final summary judgment is reversed and remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DOWNEY and GLICKSTEIN, JJ., concur.