478 So.2d 845 (1985)
Mario BURNETT, Appellant,
v.
George BRITO and Diana Brito, and Pedro Realty, Inc., Appellees.
No. 84-2818.
District Court of Appeal of Florida, Third District.
November 5, 1985.
Rehearing Denied December 10, 1985.
*846 Rufus Sundie and Joyce Brown, Miami, for appellant.
Gary R. Siegel, Miami, for appellees.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
The action giving rise to this appeal was commenced as an interpleader by a real estate broker who held a disputed deposit claimed by both the buyer and the seller.
The facts are as follows. On November 24, 1982 appellant Mario Burnett entered into a contract to purchase a condominium unit from appellees George and Diana Brito for $43,800. Mr. Burnett gave a deposit of $4,700, which was held in escrow by appellee Pedro Realty, Inc. (broker).[1] Mr. Burnett planned to pay $8,400 in cash at closing, with the balance to be financed by a mortgage loan.
The contract required the purchaser to seek a first mortgage within sixty days from the date of the agreement. The contract provided, "[i]f after diligent effort on the part of the Purchaser, the Purchaser is unable to obtain and/or qualify for said *847 first mortgage, all monies deposited hereunder shall be refunded to Purchaser... ."
On November 24, 1982 Mr. Burnett applied for an assumption of the existing mortgage at Flagler Federal Savings & Loan Association. He did this based on advice given him by the broker. On January 14, 1983 Mr. Burnett was notified by the institution that he did not qualify for an assumption of the mortgage loan for the amount he was seeking. Mr. Burnett demanded that the broker return his deposit. The broker refused.
After the sixty days had passed, Mr. Burnett applied to two Illinois banks for a loan, but was turned down by both institutions. Mr. Burnett also filled out a loan application given him by the broker. He was never told what happened to that application.
On March 23, 1983 the Britos' attorney wrote Mr. Burnett's attorney informing him that the Britos still wanted to complete the sale. Based upon this letter, Mr. Burnett applied for a first mortgage at Amerifirst Federal Savings & Loan Association on March 27, 1983. That application was denied. Mr. Burnett again requested the return of his deposit and the broker again refused.
On May 24, 1983 the broker filed an interpleader action. In its complaint it sought an award of part of the deposit as a commission, and sought a determination of the entitlement to the balance of the deposit as between the buyer and the seller. The broker moved the court to permit it to deposit the $4,700 into an interest-bearing account. On August 5, 1983 the trial court ordered the broker to place the disputed deposit in an interest-bearing account. The broker complied with the order on January 30, 1984. This account earned $378 in interest.
The Britos filed a counterclaim against the broker and a cross-claim against the buyer for the deposit, less the brokerage commission. Mr. Burnett, in turn, filed a counterclaim and a cross-claim alleging that he was entitled to the full deposit. At trial, testimony was offered by a Flagler Federal Savings & Loan Association representative. The representative testified that had Mr. Burnett applied for a first mortgage at that institution, he would not have qualified.
The trial court, in a second amended final judgment, awarded to the buyer the deposit, plus the interest actually earned in the account ($378). The court denied Mr. Burnett's claims for attorney's fees, compensatory damages, costs and interest from the date he first demanded the return of the deposit. The court also entered a default against the broker for its failure to appear at trial.
On appeal, Mr. Burnett contends the trial court erred in denying him attorney's fees, compensatory damages, costs and an adequate interest award. The Britos cross-appeal contending the trial court erred in finding that Mr. Burnett had complied with the contract.
We will consider the issues raised seriatim beginning with the cross-appeal. The question to be decided on cross-appeal is whether Mr. Burnett made a bona fide attempt to secure a mortgage in accordance with the contract. The Britos contend Mr. Burnett's failure to apply for a first mortgage within sixty days of the agreement placed him in default. We disagree. The Britos' agent, the broker, advised Mr. Burnett to apply for an assumption of the existing mortgage. A principal is liable for the acts of his agent, even though not authorized, if the agent was acting within the scope of his employment or his apparent authority. Life Insurance Co. of North America v. Del Aguila, 417 So.2d 651 (Fla. 1982). It was undisputed at trial that even if Mr. Burnett had applied for a first mortgage at Flagler Federal Savings & Loan Association, he would have been turned down. Given these facts, as well as Mr. Burnett's repeated efforts to obtain financing and the Britos' acquiescence in such efforts, we find there was substantial, competent evidence to sustain the judgment on the basis that Mr. Burnett made a diligent effort to secure financing in accordance *848 with the contract. See Meyers v. Cunningham, 415 So.2d 802 (Fla. 3d DCA 1982); Merritt v. Davis, 265 So.2d 69 (Fla. 3d DCA 1972).
This leaves the buyer's contentions for consideration. Mr. Burnett first contends the trial court erred in denying him an award of attorney's fees. He bases his argument on a provision of the contract and upon section 57.105, Florida Statutes (1983).[2] The contract provides, "[i]f the sale is not closed due to default or failure on the part of the Seller, the Purchaser, at his option may take action to enforce this contract; in which event, the Seller shall be obligated to pay reasonable attorney's fees ... to the Purchaser... ." The seller's liability for attorney's fees under this contract arises only upon the seller's failure to complete the sale. In fact, the closing was prevented by Mr. Burnett's failure to obtain financing. The sellers, the Britos, were not at fault. Since contractual attorney's fee provisions are to be strictly construed, Keys Lobster, Inc. v. Ocean Divers, Inc., 468 So.2d 360 (Fla. 3d DCA 1985); Fairways Royale Association, Inc. v. Hasam Realty, Corp., 428 So.2d 288 (Fla. 4th DCA 1983); Venetian Cove Club, Inc. v. Venetian Bay Developers, Inc., 411 So.2d 1323 (Fla. 2d DCA 1982); see Ohio Realty Investment Corp. v. Southern Bank of West Palm Beach, 300 So.2d 679 (Fla. 1974), we find the instant attorney's fee provision does not provide for recovery of the buyer's attorney's fee.
Mr. Burnett's other basis for contending he is entitled to an award of attorney's fees is without support. Section 57.105 is applicable only to those cases where the losing party's position is so devoid of merit, both in fact and law, as to be completely untenable and frivolous. Atlantic National Bank of Florida v. Tworoger, 448 So.2d 616 (Fla. 3d DCA 1984); see Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982). This is not such a case.
Mr. Burnett secondly argues that the trial court erred in denying him an award of compensatory damages for such items as the cost of mortgage applications, lost wages and traveling expenses. We do not agree. In breach of contract cases the damages recoverable are limited to those damages which are the natural and proximate result of the breach, or such as may reasonably be supposed to have been within the contemplation of the parties at the time they made the contract. Hobbley v. Sears, Roebuck and Co., 450 So.2d 332 (Fla. 1st DCA 1984); Travelers Indemnity Co. v. Parkman, 300 So.2d 284 (Fla. 4th DCA 1974). There was no evidence in this case that the compensatory damages claimed by Mr. Burnett were contemplated by the parties at the time they entered into the contract. The ruling of the trial court was therefore correct.
As to Mr. Burnett's claim regarding costs, we find the trial court erred in failing to award costs to Mr. Burnett as the prevailing party. The general rule in equity suits is that costs follow the judgment unless there are circumstances that render application of this rule unjust. Schwartz v. Zaconick, 74 So.2d 108 (Fla. 1954); Calder Race Course, Inc. v. Gaitan, 430 So.2d 975 (Fla. 3d DCA 1983); Foley v. Peckham, 256 So.2d 65 (Fla. 3d DCA 1971). It is not unjust, under the circumstances of this case, to charge the Britos with the reasonable costs Mr. Burnett incurred for the enforcement of his claim.
Finally, Mr. Burnett contends interest should have been awarded on the deposit from January, 1983, when he first demanded its return. The trial court awarded the interest earned on the $4,700 from the date it was actually deposited in an interest-bearing account pursuant to the court's order. While we are unpersuaded by Mr. Burnett's contention, we nonetheless find the interest award was inadequate.
*849 The general rule in interpleader cases is that interest is not allowable for the period during which the disputed funds are on deposit with the court. Powers v. Metropolitan Life Insurance Co., 439 F.2d 605 (D.C. Cir.1971). However, any interest earned on interpleaded and deposited funds follows the principal and shall be allocated to whomever is found entitled to the principal. Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980), on remand, 394 So.2d 1009 (Fla. 1981). Where there is an unreasonable delay in placing disputed funds into the court, interest will run to the time of such deposit. Powers v. Metropolitan Life Insurance Co., 439 F.2d at 608.
In the instant case, the broker filed the interpleader action on March 24, 1983, while Mr. Burnett was still seeking financing. It cannot be justifiably argued, therefore, that the broker unreasonably delayed in bringing suit to determine who was entitled to the deposit. However, the broker did unreasonably delay in placing the deposit in an interest-bearing account, pursuant to trial court order. The court ordered the broker to place the deposit in such an account on August 5, 1983. The broker did not comply with the order until January 30, 1984. Mr. Burnett is entitled to recover interest for the period of time the broker unreasonably delayed in making such court-ordered deposit. The period of the unreasonable delay and the amount of interest resulting therefrom is to be determined by the trial court on remand.
For the foregoing reasons and based upon the authorities cited, the final judgment is affirmed, except inasmuch as the trial court denied costs and an adequate award of interest to the buyer. On remand, the trial court is instructed to award Mr. Burnett such costs as are reasonable and additional interest in accordance with this opinion.
Affirmed in part, reversed in part and remanded.
NOTES
[1] Pedro Realty, Inc. has filed nothing in this appeal.
[2] 57.105 Attorney's fee.  The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.