In the Matter of HALLMARK BUILDERS, INC., Debtor.

John W. and Mary A. HURSEY, Plaintiff,

v.

The HALLMARK BUILDERS, INC., Defendant.

Bankruptcy No. 84–551.
Adv. No. 84–173.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Oct. 30, 1986.

T. Kevin Knight, Drage, deBeaubien, Milbrath & Simmons, Orlando, Fla., for defendant.

Ronald W. Sikes, Orlando, Fla., for plaintiff.

**ORDER ON SECOND AMENDED MOTION TO TAX ATTORNEY'S FEES AND COSTS AND ORDER ON HURSEYS' MOTION TO TAX COSTS AND ORDER ALLOCATING INTEREST**

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration in this Chapter 11 adversary proceeding are a

Second Amended Motion to Tax Attorney's Fees and Costs filed by Hallmark Builders, Inc. (Hallmark), and a similar motion filed by John W. and Mary Hursey (Hurseys), the plaintiffs involved in the above-captioned adversary proceeding. The Court heard argument of counsel, considered the record, and now finds and concludes as follows:

On September 26, 1984, the Hurseys filed a complaint against Hallmark seeking a declaratory judgment determining "the rights and liabilities of the parties with regard to the subject real property and residence" under a contract entered into by the Hurseys with Hallmark for the construction of a residential property. The Hurseys contracted with Hallmark to build a single-family residence on property owned by the Hurseys, and the Hurseys conveyed legal title to the property to Hallmark in order to enable Hallmark to secure a construction loan. It was the clear intent of the parties that the property was to be deeded back to the Hurseys at the completion of the construction. In their complaint the Hurseys alleged numerous construction deficiencies by Hallmark. Based on these, the transaction was never closed.

Hallmark answered the complaint by denying all allegations set forth by the Hurseys. Hallmark also filed a counterclaim and sought damages arising out of an alleged breach by the Hurseys of the construction contract. In due course the matter was tried before this Court, and on September 27, 1985, this Court entered its Findings of Fact, Conclusions of Law, and Memorandum Opinion. 54 B.R. 292. This Court found that the Hurseys were entitled to a conveyance of the subject property and to a reduction of the original purchase price by the amount of $22,751.00, the cost required to correct the construction defects. This Court also found that Hallmark was entitled to recover the interest it had paid on the construction loan from June 1984 through September 1985.

Hallmark filed a Motion for Rehearing, questioning the amount of credit granted to the Hurseys for the cost to correct the construction deficiencies. On March 31, 1986, this Court entered its Order on Motion for Rehearing and Amended Findings of Fact, changing the amount that the Hurseys were entitled to reduce the purchase price from $22,751.00 to an amount "not to exceed $4,500.00."

On April 22, 1986, a Final Judgment was entered in this cause. The Hurseys prevailed on their Complaint for Declaratory Relief, and Hallmark was ordered to re-convey the subject property to the Hurseys free and clear of all liens encumbering the property upon closing. The purchase price of the residence was reduced by $4,500.00. Hallmark was awarded $8,250.00 for payment of interest on the construction loan from June 1984 through September 1985. Each party was to bear its own costs and attorneys' fees.

Hallmark filed a Motion for Rehearing of that Final Judgment on April 29, 1986, and on May 2, 1986, the Hurseys filed a Motion for New Trial and for Relief From Judgment. This Court granted the Hurseys' Motion for New Trial, and reopened the evidence relating to the nature and extent of the cost to correct the construction deficiencies and to consider the argument of counsel as to how construction loan interest should be allocated.

At the hearing on August 12, 1986, this Court reduced the credit due to the Hurseys for the construction deficiencies to $1,000.00, but took under advisement the question of whether Hallmark should be entitled to interest on the construction loan and whether Hallmark or the Hurseys are entitled to recover costs and attorneys' fees.

■ The first issue to be examined is whether Hallmark is entitled to recover the interest it paid on the construction loan. In its Findings of Fact, Conclusions of Law, and Memorandum Opinion entered September 27, 1985, this Court found that because the Hurseys breached their contract with Hallmark by refusing to close when the agreement had been substantially performed, Hallmark was entitled to recover the contract price plus the additional inter-

est payable on the construction loan as a result of the Hurseys' refusal to complete the transaction. Citing *Hobbley v. Sears, Roebuck, and Co.*, 450 So.2d 332 (Fla. 1st D.C.A. 1984), this Court also held that the construction loan interest was an element of damages that naturally, proximately, and foreseeably resulted from the breach by the Hurseys, and therefore it was recoverable. The Hurseys argue that this construction loan interest is an item of special damage which must be specially pled, which Hallmark failed to do. While it is true that all special damages must be specifically stated in the pleadings pursuant to F.R.Civ.P. 9(g), which applies to all adversary proceedings pursuant to Bankruptcy Rule 7009, this Court is satisfied that the construction loan interest is an item of general damage that did not have to be specifically pled. Even though the construction contract did not refer to Hallmark's obtaining a construction loan, such a construction loan was contemplated by the parties and interest on a construction loan is certainly an item of injury that is anticipated in the breach of a construction contract. No persuasive law has been presented to this Court which would alter this original finding. This Court's original determination that Hallmark is entitled to construction loan interest in the amount of $8,250.00 stands.

█ The second matter under consideration is Hallmark's Second Amended Motion to Tax Attorney's Fees and Costs. The Final Judgment entered on April 22, 1986, provided that each party was to bear its own costs and attorney's fees, and Hallmark's Motion to Tax Attorney's Fees and Costs was denied as moot by an Order also entered on April 22, 1986. Hallmark has renewed that Motion, alleging that the contract, which was the subject matter of this adversary proceeding and which the Hurseys were found to have breached, provided for the award of costs and attorney's fees to Hallmark if Hallmark were successful in litigation against the Hurseys.

It should be noted at the outset that this was all drafted by Hallmark; therefore, it should be construed against it. This Court's review of the relevant contractual provision revealed no specific award of attorney's fees in such a situation. Absent a clear statement awarding attorney's fees in the contract, no attorney's fee shall be awarded.

Hallmark further argues that it is entitled to recover its fees for services rendered post-judgment, because the post-judgment relief sought by the Hurseys was a non-justiciable issue. This argument is without merit because the post-judgment relief sought by the Hurseys was a new trial, relief which is undoubtedly appropriate for court review and which was, in fact, granted by this Court.

Based on the foregoing, this Court is satisfied that its original mandate that each party is to bear its own costs was appropriate and shall be reaffirmed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Second Amended Motion to Tax Attorney's Fees and Costs filed by Hallmark Builders, Inc., be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that Hurseys' Motion to Tax Costs be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that Hallmark Builders, Inc., be, and the same is hereby, entitled to recover payment of interest on the construction loan from June 1984 through September 1985 in the amount of $8,250.00.

An Amended Final Judgment shall be entered in accordance with the foregoing.