537 So.2d 1111 (1989)
FINANCIAL SERVICES, INC., a New Jersey Corporation, Appellant,
v.
Diane SHEEHAN, Appellee.
Nos. 88-1380, 88-1954.
District Court of Appeal of Florida, Third District.
January 31, 1989.
*1112 Siegfried, Kipnis, Rivera, Lerner & De La Torre, Coral Gables and Peter Edwards, Miami, for appellant.
Barnett & Kress and Robert Barnett, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
SCHWARTZ, Chief Judge.
The seller in a failed real estate transaction appeals from a judgment entered after a non-jury trial awarding the prospective purchaser the return of her deposit. We reject both of the appellant's points on appeal.
First, we hold that the evidence supports the trial court's finding that the appellee had fully complied with the contractual provision that she attempt to secure mortgage financing and was thus entitled to recover the deposit when those efforts proved unsuccessful. Fieldstone v. Chung, 416 So.2d 11 (Fla. 3d DCA 1982); see Burnett v. Brito, 478 So.2d 845 (Fla. 3d DCA 1985); Ahl v. RSM Developers & Assocs. Ltd., 418 So.2d 471 (Fla. 4th DCA 1982); Meyers v. Cunningham, 415 So.2d 802 (Fla. 3d DCA 1982); Merritt v. Davis, 265 So.2d 69 (Fla. 3d DCA 1972).
Second, the trial court properly awarded an attorney's fee under the contract between the parties based upon a reasonable hourly rate multiplied by the number of hours expended, both of which were specified in the order, even though the rate was in excess of that agreed upon between the appellee and her attorney. Maserati Autos., Inc. v. Caplan, 522 So.2d 993 (Fla. 3d DCA 1988); Ronlee, Inc. v. Arvida Corp., 515 So.2d 372 (Fla. 4th DCA 1987); see Goldstein v. Richter, 538 So.2d 473 (Fla. 4th DCA 1989); Brea v. Perez-Borroto, 529 So.2d 824 (Fla. 3d DCA 1988). Furthermore, contrary to the appellant's contention that such a requirement is imposed by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), no additional findings to justify the fact that the rate exceeded the one fixed in the contract were necessary. This is true both because (a) Rowe does not even apply to a case, like this one, involving attorney's fees imposed pursuant to a private contract, Shlachtman v. Mitrani, 508 So.2d 494 (Fla. 3d DCA 1987), dismissed, 518 So.2d 1278 (Fla. 1987); Stabinski, Funt & De Oliveira, P.A. v. Alvarez, 490 So.2d 159 (Fla. 3d DCA 1986), pet. for review denied, 500 So.2d 545 (Fla. 1986); contra Alston v. Sundeck Prods., Inc. 498 So.2d 493 (Fla. 4th DCA 1986), and (b) there was no "enhancement" of the award above a reasonable fee within the meaning of Rowe, even assuming arguendo that it applied.
AFFIRMED.