844 So.2d 652 (2003)
Shirley CORONA and Anthony Corona, Appellants,
v.
COSTA CROCIERE S.P.A., Costa Cruise Line N.V., n/k/a Costa Cruise Lines, N.V., L.L.C., Foreign Business Entities, Appellees.
No. 3D02-2111.
District Court of Appeal of Florida, Third District.
February 19, 2003.
Rehearing and Rehearing Denied May 14, 2003.
Ruden, McClosky, Smith Schuster & Russell and John H. Pelzer and Antar K. Vaughan, for appellants.
Rodriguez, Aronson & Essington and Domingo Rodriguez, Coral Gables, and Andre M. Picciurro, for appellees.
Before COPE and WELLS, JJ., and NESBITT, Senior Judge.
Rehearing and Rehearing En Banc Denied May 14, 2003.
COPE, J.
Shirley and Anthony Corona appeal an adverse summary judgment in a premises liability case arising on a cruise ship. We conclude that disputed issues of material facts remain, and remand for further proceedings.
*653 The plaintiffs, Shirley and Anthony Corona, were passengers on the M/V Costa Romantica. This is a cruise ship operated by defendant-appellee Costa Cruise Lines.
Mrs. Corona walks with the assistance of a cane. During the first night at sea, she used the bathroom which was within their cabin. While emerging from the bathroom she leaned on the door handle, which came out of its housing. She lost her balance and fell, suffering serious injuries.
Subsequently, a member of the maintenance staff came to inspect the door. He found that the screws which fasten the door handle assembly to the door had come out and were lying on the floor. The maintenance person restored the door handle to its proper position and fastened it with the screws.
The plaintiffs brought this lawsuit claiming negligence on the part of the cruise line in its maintenance of the bathroom door handle. The cruise line moved for summary judgment, contending that there was no evidence that the cruise line was at fault. The trial court granted summary judgment for the cruise line, and the plaintiffs have appealed.
Based on the record now before us, we conclude that the defendant cruise line has not carried its burden of demonstrating the nonexistence of any disputed issue of material fact. See Dade County School Board v. Radio Station WQBA, 731 So.2d 638, 643 (Fla.1999); Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966).
Common experience would indicate that doorknob or door handle assemblies do loosen up from time to time, but typically this is a slow process which should be noticeable to those who use the door. Certainly the cruise line has a cleaning staff, and undoubtedly they move this door from time to time in order to clean behind it. It is reasonable to assume that this type of problem would have existed, and worsened, over a period of time such that the cruise line staff discovered, or reasonably should have discovered, it. The fact that the maintenance person was able to repair the problem using the existing fixture and screws would tend to rule out the possibility that there was any manufacturing defect in the door handle assembly itself.
For the stated reasons, we reverse the summary judgment and remand for further proceedings. In light of the rationale just stated, we need not reach the plaintiffs' argument that res ipsa loquitur should apply in this case.
The cruise line suggests that the plaintiffs were as well positioned as anyone to notice the problem with the door handle. If the cruise line contends that the plaintiffs were themselves negligent, that would create an issue of comparative negligence but would not absolve the cruise line of responsibility.
Reversed and remanded for further proceedings consistent herewith.