GREEN, J.
On this appeal, Lourdes A. Quirch asserts that the trial court’s entry of final summary judgment determining entitle *185 ment to a real estate deposit held in an escrow account was error because there were genuine issues of material fact. We agree and reverse for the reasons which follow.
The undisputed record evidence reveals that on January 21, 2001, Quirch agreed to sell, and the Coros agreed to purchase, a residence located at 4011 Granada Boulevard in Coral Gables, Florida for $615,000. Pursuant to the terms of a residential sale and purchase contract (“the contract”), the Coros were required to deliver a good faith escrow deposit of $60,000 to Coldwell Banker Residential Real Estate, Inc. The contract was contingent upon the Coros obtaining 80% conventional financing pursuant to the following provision:
This Contract is contingent on Buyer qualifying for and obtaining ... a commitment for new Conventional Financing for 80% of the purchase price ... at the prevailing interest rate and loan costs. The Buyer will apply for Financing within 15 days from Effective Date ... and will timely provide any and all credit, employment, financial and other information required by the lender. Either party may cancel this Contract if (i) Buyer, after using diligence and good faith, cannot obtain the Financing within the Financing Period or cannot meet the terms of the commitment by the Closing Date, or (ii) the Financing is denied because the Property appraises below the purchase price and. either Buyer elects not to proceed or the parties are unable to re-negotiate the purchase price. Upon cancellation, Buyer will return all Seller-provided title evidence, surveys and association documents and Buyer’s deposit(s) will be returned after Escrow Agent receives proper authorization from all interested parties, (emphasis added).
After the execution of the contract, the Coros initially agreed to allow Quirch, the seller, to handle their financing through Banking Mortgage Services Corp. (“BMS”), a mortgage company owned hy Quirch’s brother. However, the- Coros cancelled this arrangement when they learned that BMS’ good faith estimate was proposing to charge them for the documentary stamp taxes on the deed, contrary to the terms of their contract with Quirch.
Thereafter, on February 12, 2001, the Coros applied for and received, a financial commitment from the Trinity Mortgage Corp. which satisfied the financing contingency in the contract. Approximately four days after receiving this financing commitment, however, Dr. Carlos Coro became gravely ill and was immediately hospitalized. Mrs. Coro immediately notified the lender of her husband’s illness. Trinity Mortgage Corp. then notified the Coros that the contemplated conventional financing could not be approved in light of Dr. Coro’s illness. When the lender rescinded its financing, the Coros’ counsel notified Quirch by letter dated March 5, 2001, that they could not meet the financing contingency pursuant to the terms of the contract, and would not be able to close on the transaction. The letter also demanded the return of their deposit.
In response, Quirch, through counsel, requested a copy of the letter from the lender denying financing to the Coros. In this same letter, Quirch also offered to extend the closing date in the event that the Coros could not produce the lender’s letter. On March 15, the Coros provided Quirch with the requested denial letter from Trinity Mortgage Corp. as well as a letter from Dr. Coro’s treating physician outlining his illness and prognoses for the future. The Coros again demanded the return of their deposit.
Quirch refused to authorize the return of the deposit to the Coros from the realtor. She took the position that the Coros were *186 either obligated to go forward with the transaction or forfeit the deposit. The realtor/escrow agent, Coldwell Banker Residential Real Estate, Inc., then filed this interpleader action and deposited the disputed funds into the registry of the court. Both the buyers and the seller filed their respective cross claims seeking the return of the deposit.
The buyers then filed a motion for summary judgment on their cross claim arguing that their deposit should be returned to them because the financing contingency in the contract had not been met due to Dr. Coro’s temporary disability, and that they had used due diligence and good faith as a matter of law. The seller countered that the financing contingency had been met as a result of the loan being approved by BMS, then voluntarily withdrawn by the buyers. The seller further opposed the summary judgment on the grounds that there was a genuine issue of material fact as to whether the buyers had exercised due diligence and acted in good faith to attempt to finance the transaction given the fact that they took no further action to seek alternative financing after Trinity Mortgage Corp. rescinded its financing. The trial court granted the buyer’s motion for summary judgment and the seller filed the instant appeal.
We agree with the appellant/seller that the lower court’s entry of summary judgment in favor of the appellees/buyers was error, as a matter of law. The issue of whether a purchaser exercises due diligence and makes a good faith effort to secure the requisite financing is ordinarily a question of fact for the trier of fact. See Biersbach v. Landin, Ltd., 454 So.2d 779, 780 (Fla. 4th DCA 1984); Ahl v. RSM Developers & Assocs. Ltd., 418 So.2d 471, 472 (Fla. 4th DCA 1982); Fieldstone v. Chung, 416 So.2d 11, 12 (Fla. 3d DCA 1982). But cf. Merritt v. Davis, 265 So.2d 69, 70 (Fla. 3d DCA 1972) (upholding summary judgment returning deposit to purchaser based upon undisputed record evidence supporting purchaser’s inability to fulfill condition precedent to closing). On the record before us, notwithstanding the severity of Dr. Coro’s illness, we cannot conclude as a matter of law that the appellees/purchasers were ineligible from receiving the requisite financing from another lender given their financial resources. Moreover, as the moving party on a motion for a summary judgment, it was their burden to conclusively establish that they could not receive any alternative financing after the exercise of due diligence and not merely assert the same. See Corona v. Costa Crociere S.P.A., 2003 WL 354870, 844 So.2d 652 (Fla. 3d DCA Feb.19, 2003) (summary judgment reversed where defendant did not meet burden of demonstrating nonexistence of material fact); Payne v. Cudjoe Gardens Prop. Owners Ass’n, Inc., 837 So.2d 458 (Fla. 3d DCA 2002) (summary judgment may not be granted unless moving party can show no genuine issue of material fact exists).[1] Since the appellees did not meet this burden, summary judgment was error and this cause must be reversed and remanded for further proceedings.
Reversed and remanded.

. We note that the cases relied upon by appel-lees in support of the summary judgment, Torres v. K-Site 500 Assocs., 632 So.2d 110 (Fla. 3d DCA 1994); Dennard v. Tri-Corp. Custom Homes, Inc., 583 So.2d 811 (Fla. 2d DCA 1991); Fin. Servs., Inc. v. Sheehan, 537 So.2d 1111 (Fla. 3d DCA 1989); Meyers v. Cunningham, 415 So.2d 802 (Fla. 3d DCA 1982); Brown v. Matton, 406 So.2d 1269 (Fla. 4th DCA 1981) are inappropriate as the judgments entered in these cases were not entered pursuant to a motion for summary judgment.