PER CURIAM.
The Board of Regents appeals the Career Service Commission’s order reinstating ap-pellee/Ray Coffey to his former position, suspending him for six months and awarding him attorney’s fees. We affirm in part and reverse in part.
Mr. Coffey asked a friend and co-worker, who had done carpentry work for him in the past, to construct bumpers for his van. When Mr. Coffey picked up the bumpers, he was told there was no charge for the materials. At this point, Mr. Coffey suspected, but did not know, that the bumpers had been constructed from university materials. Rather than confirm his suspicion and jeopardize his friend’s job, he chose to “take the bumpers and duck”. The university fired him for stealing and he appealed to the Career Service Commission.
The commission found that Mr. Coffey was not guilty of stealing, but was guilty of violating the university’s rules and committing a serious error in judgment. He was reinstated to his former class of *53 position but suspended for six months without pay beginning the date of his dismissal.
The record contains competent, substantial evidence to support the Career Service Commission’s finding that Mr. Coffey did not intend the bumpers to be constructed from university property and was not guilty of stealing. We, therefore, do not disturb this finding. Section 120.68(10), Florida Statutes (1977), Fitzpatrick v. City of Miami Beach, 328 So.2d 578 (Fla. 3rd DCA 1976).
Appellant’s argument that the commission did not have authority to reduce the dismissal to a suspension is without merit. Section 110.061(3)(b), Florida Statutes (1977), specifically authorizes the commission to reduce dismissals to suspensions. Therefore, the commission order suspending Mr. Coffey for six months was appropriate. We affirm.
However, we find merit in appellant’s contention that the award of attorney’s fees was improper. Section 110.-061(3), Florida Statutes (1977), in pertinent part states:
(3) The Career Service Commission may:
(a) • • •
(b) . . .
(c) . . . The order may include an amount, to be determined by the commission and paid by the agency, for reasonable attorney’s fees, witness fees, and other out-of-pocket expenses incurred during the prosecution of an appeal against an agency in which the commission sustains the employee.
On the record before us, we do not find that Mr. Coffey was sustained within the meaning of this statute.
It is well settled that statutes awarding attorney’s fees are in derogation of the common law and must be strictly construed. Stone v. Town of Mexico Beach, 348 So.2d 40 (Fla. 1st DCA 1977), Sunbeam Enterprises, Inc. v. Upthegrove, 316 So.2d 34 (Fla.1975). The award of attorney’s fees is reversed.
McCORD, Acting C. J., and ROBERT P. SMITH, Jr., and LARRY G. SMITH, JJ., concur.