417 So.2d 1095 (1982)
S.J. RUDOLPH, Trustee, Appellant,
v.
Thelma R. UNGER and Victoria Richard, Appellees.
No. 82-1045.
District Court of Appeal of Florida, Third District.
August 10, 1982.
*1096 Myers, Kaplan, Levinson, Kenin & Richards and Bruce J. Berman and William M. Grodnick, Miami, for appellant.
Horton, Perse & Ginsberg and Mallory Horton, Miami, for appellees.
Before HENDRY,[*] SCHWARTZ and BASKIN, JJ.
PER CURIAM.
We hold that the trial court properly denied attorney's fees to a mortgagor upon the release of a part of the real property included in a lien created by a 1974 mortgage. The mortgagor claimed fees pursuant to Section 701.04 of the Florida Statutes as amended in 1980.[1]
First, the statute creating the right to recover fees was adopted after the execution of the contract and does not have retroactive effect. Tuggle v. Government Employees Insurance Company, 220 So.2d 355 (Fla. 1969); McCord v. Smith, 43 So.2d 704 (Fla. 1950); Stone v. Town of Mexico Beach, 348 So.2d 40 (Fla. 1st DCA 1977). Secondly, a partial release of certain lands encumbered by mortgage is not a satisfaction. The statute is in derogation of the common law and should be strictly construed. Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977); Board of Regents of the State of Florida v. Coffey, 378 So.2d 52 (Fla. 1st DCA 1979); Stone v. Town of Mexico Beach, supra; Lendsay v. Cotton, 123 So.2d 745 (Fla. 3d DCA 1960).
Attorney's fees are only recoverable under this statute when the lein created by the mortgage is "fully paid". Then a successful mortgagor who brings a legal proceeding is entitled to fees.
Therefore the order under review is affirmed.
Affirmed.
NOTES
[*] Although Judge Hendry participated in the decision he did not hear oral argument.
[1] 701.04 Cancellation of mortgages, liens, and judgments. Whenever the amount of money due on any mortgage, lien, or judgment shall be fully paid to the person or party entitled to the payment thereof, the mortgagee, creditor, or assignee, or the attorney of record in the case of a judgment, to whom such payment shall have been made, shall execute in writing an instrument acknowledging satisfaction of said mortgage, lien, or judgment and have the same acknowledged, or proven, and duly entered of record in the book provided by law for such purposes in the proper county. Within 60 days of the date of receipt of the full payment of the mortgage, lien, or judgment, the person required to acknowledge satisfaction of the mortgage, lien or judgment shall send or cause to be sent the recorded satisfaction to the person who has made the full payment. In the case of a civil action arising out of the provisions of this section, the prevailing party shall be entitled to attorney's fees and costs.