448 So.2d 616 (1984)
ATLANTIC NATIONAL BANK OF FLORIDA, a National Banking Association, Appellant,
v.
George TWOROGER, Luise Tworoger, Arthur Leroy Brittle, Philomena M. Brittle, Expert Dairy Products, Inc., Kenworth Truck of South Florida, Inc., Plaza Bank of Miami, Kenneth F. Tworoger, Tworoger & Sader, P.A. and J & W Plumbing Service, Inc., a Florida Corporation, Thomas M. Tworoger and Leslie A. Tworoger, Appellees.
No. 83-2580.
District Court of Appeal of Florida, Third District.
April 17, 1984.
Fleming, O'Bryan & Fleming and Paul R. Regensdorf, Fort Lauderdale, for appellant.
Tworoger, Sader & Ferrell and William W. Haury, Jr. and Kenneth F. Tworoger, Fort Lauderdale, for appellees.
Before SCHWARTZ, C.J., DANIEL S. PEARSON, J., and M. IGNATIUS LESTER, Associate Judge.
PER CURIAM.
On the main appeal, we reverse that portion of the order and final judgment which awarded attorneys' fees to the appellees under Section 701.04, Florida Statutes (1983); on the cross-appeal, we affirm that portion of the order and final judgment which refused to award attorneys' fees to the appellees/cross-appellants under Section 57.105, Florida Statutes (1983).
*617 Section 701.04[1] is a statute in derogation of the common law and must be strictly construed. Rudolph v. Unger, 417 So.2d 1095 (Fla. 3d DCA 1982). It has, accordingly, been held that the attorneys' fees provision of Section 701.04 which became effective on October 1, 1980, see Ch. 80-17, § 1, Laws of Fla., cannot be retroactively applied to mortgages which, as here, were created before that date, notwithstanding that the proceedings concerning the failure to satisfy the mortgage lien occurred after October 1980. Rudolph v. Unger, 417 So.2d 1095. But even if, arguendo, the mortgages herein were created after October 1, 1980, the same rule of strict construction requires us to hold that attorneys' fees are not recoverable here, where the suit was instituted by the mortgagee bank to foreclose the mortgages, and the mortgagors' entitlement to satisfactions was a result of the foreclosure action being resolved by settlement of the litigation. In our view, "a civil action arising out of the provisions" of Section 701.04, the express predicate to the recovery of attorneys' fees, is necessarily confined to one brought by a person who has fully paid an outstanding mortgage, lien or judgment, but despite such payment is compelled to sue to obtain a satisfaction in order, in the usual case, to remove the cloud on the title caused by the previously recorded mortgage, lien or judgment.
We find no error in the trial court's refusal to award attorneys' fees to the appellees under Section 57.105, since the trial court could fairly conclude that the bank's position was not so devoid of merit, both on the facts and the law, as to be completely untenable and frivolous. See Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982).
Accordingly, that portion of the order and judgment of the trial court awarding attorneys' fees to the appellees is
Reversed.
NOTES
[1] The statute provides:

"701.04 Cancellation of mortgages, liens, and judgments.  Whenever the amount of money due on any mortgage, lien, or judgment shall be fully paid to the person or party entitled to the payment thereof, the mortgagee, creditor, or assignee, or the attorney of record in the case of a judgment, to whom such payment shall have been made, shall execute in writing an instrument acknowledging satisfaction of said mortgage, lien, or judgment and have the same acknowledged, or proven, and duly entered of record in the book provided by law for such purposes in the proper county. Within 60 days of the date of receipt of the full payment of the mortgage, lien, or judgment, the person required to acknowledge satisfaction of the mortgage, lien, or judgment shall send or cause to be sent the recorded satisfaction to the person who has made the full payment. In the case of a civil action arising out of the provisions of this section, the prevailing party shall be entitled to attorney's fees and costs." (emphasis added).