466 So.2d 352 (1985)
John K. OLSEN and Barbara H. Olsen, His Wife, Appellants,
v.
Paul V. O'CONNELL, Philip J. O'Connell and Albert R. Ives, Appellees.
No. 84-1123.
District Court of Appeal of Florida, Second District.
March 6, 1985.
Rehearing Denied April 8, 1985.
*353 Walt Logan of Stolba, Logan, Conklin & Verona, P.A., St. Petersburg, for appellants.
William Fletcher Belcher, St. Petersburg, for appellees.
CAMPBELL, Judge.
Appellants, John K. Olsen and Barbara H. Olsen, seek review of the order denying foreclosure and awarding attorney's fees to appellees, Paul V. O'Connell, Philip J. O'Connell and Albert R. Ives. We affirm the denial of foreclosure, but reverse the award of attorney's fees.
We address five issues on appeal. First, was there sufficient evidence to establish that there was an agreement for release of *354 the property from the judgment lien? Second, does an oral agreement for release of a judgment lien violate the Statute of Frauds, section 725.01; Florida Statutes (1983)? Third, do appellees have standing as third party beneficiaries to seek specific performance of appellants' agreement with the Kumicks, the sellers of the property? Fourth, did the trial court improperly rule on a garnishment matter which was not before it? Fifth, are appellees entitled to recover attorney's fees under section 701.04, Florida Statutes (1983)?
Appellants obtained a money judgment against the Kumicks in the amount of $131,959.51, on October 6, 1978. In 1981, the judgment lien was recorded. At that point in time, the Kumicks owned the parcel of nonexempt real property which is the subject of this dispute. From 1981 until 1983, when the property was conveyed by the Kumicks to the appellees, there were liens against the property which exceeded the value of the property. Various liens had priority over the appellants' judgment lien so that there was no equity in the property from which any part of appellants' judgment could be satisfied.
In 1983, the Kumicks began discussing the sale of the property with appellees. The Kumicks decided they could not consummate the sale of the property without obtaining a release of the judgment lien from appellants. Appellants needed the Kumicks' cooperation in order to obtain any relief based on the judgment lien. Therefore, appellants and the Kumicks authorized their attorneys to negotiate for release of the judgment lien in order to affect the sale to appellees. No written agreement was established, although there were numerous discussions and letters between the attorneys regarding requirements and consideration necessary for the release of the judgment lien.
On October 29, 1983, the Kumicks conveyed the property to appellees by warranty deed, subject only to the existing first mortgage which was assumed by appellees. Appellees' purchase money was used to pay and satisfy the remaining liens and encumbrances having priority over appellants' judgment lien. Appellees executed a promissory note in favor of appellants in the principal sum of $5,000.00, and secured the same by a second mortgage on the property. The remaining net proceeds of the sale were $14,163.55, which were held in trust by the attorney for the Kumicks, Peter Napier. After satisfying the priority liens and encumbrances, he mailed a check for that amount to appellants to secure the release of the judgment lien. The $14,163.55 check was not acceptable to appellants. Appellants' attorney advised the Kumicks that the amount tendered was less than the amount of $16,000.00 that had been discussed and, therefore, appellants would not release the judgment lien.
The net proceeds of the sale, $14,163.55, remained on deposit in trust with Mr. Napier. These proceeds were subsequently the subject of a garnishment action by appellees based on their judgment against the Kumicks. Napier continued to hold the garnished funds, $14,163.55, at the time this foreclosure suit was brought to trial.
On June 1, 1983, appellants filed suit against appellees to foreclose against the subject property based on the judgment lien. The trial court denied foreclosure, finding that there was an agreement between the Kumicks and appellants to release the judgment lien, and that appellees were the intended third party beneficiaries of that agreement. The trial court found the agreement provided that: (1) appellants were to release the property from the judgment lien, although the judgment would not be fully satisfied; (2) $16,000.00 from the proceeds of the sale was to be paid to appellants; and (3) the Kumicks were to obtain execution of a promissory note by the appellees in favor of appellants in the original principal sum of $5,000.00, and secured by a second mortgage on the property.
The trial court thus found that appellees, as contract purchasers of the property, were the intended third party beneficiaries of the agreement to release the judgment lien. The court ordered that the lien be *355 released upon the deposit of $16,000.00 in the court registry for payment to appellants in compliance with the agreement. The court also ordered that "the proceeds of the sale presently held in trust by Peter E. Napier, shall be included in said deposit, whereupon Mr. Napier shall have no further liability as garnishee or otherwise for payment of said funds to plaintiffs (appellants)." Appellees had previously executed the agreed-to $5,000.00 note payable to appellants and had it secured by recording a second mortgage on the property.
Attorney's fees were also awarded to appellees pursuant to section 701.04.
Appellants argue that there was no evidence of a meeting of the minds between appellants and the Kumicks and, therefore, no contract existed. We affirm the trial court's finding that there was an oral agreement. The parties presented ample evidence through testimony, letters and memoranda, that an oral agreement had been reached.
Appellants' next argument is that an oral agreement for the release of a judgment lien is a contract for the sale of land or for an uncertain interest concerning lands. Appellants claim, therefore, that the agreement is unenforceable under the Statute of Frauds, section 725.01, Florida Statutes (1983). We do not agree. The word "sale," in this context, indicates a transfer of title. Martyn v. First Federal Savings and Loan Association of West Palm Beach, 257 So.2d 576 (Fla. 4th DCA 1971), cert. denied, 262 So.2d 446 (Fla. 1972). See also DeBartlett v. DeWilson, 52 Fla. 497, 42 So. 189 (1906). Neither party argues that the release of the lien would transfer or convey title to the property. Accordingly, we find that the contract for release of the judgment lien was not unenforceable by reason of section 725.01.
Third, appellants argue that appellees were not third party beneficiaries to the contract between appellants and the Kumicks and, therefore, had no standing to enforce the contract. We do not agree. Appellants and the Kumicks clearly intended for the benefits of the contract to extend to appellees, and appellees were directly affected by the agreement. Therefore, we affirm the trial court's finding that appellees were third party beneficiaries. See Security Mutual Casualty Co. v. Pacura, 402 So.2d 1266 (Fla. 3d DCA 1981). Appellees were likely even actual parties to the agreement as evidenced by their execution of the note and mortgage payable to appellants and their closing of the sale in reliance upon the agreement.
Appellants also argue that the trial court erred by ruling on a matter not properly before it when it ordered that the garnished funds held by Peter Napier be used for the benefit of appellees. The writ of garnishment was based on, and for the purpose of partially satisfying, appellants' judgment lien. The funds garnished were originally received by Mr. Napier from appellees to be held in trust for payment to appellants on behalf of the Kumicks and in furtherance of their agreement. The purpose of the payment was to secure the release of the judgment lien which was the basis of this foreclosure action. Therefore, under these particular circumstances, it was proper for the trial court to dispose of those funds in this action in furtherance of the agreement between the parties that has been placed in issue in this action by reason of appellants' attempted foreclosure.
We note that the court's judgment below does not purport to affect the garnishment proceedings, but only applies to the particular funds held by Mr. Napier which were the subject of the agreement between the parties. In ordering those funds transferred to the registry of the court for payment to appellants under the terms of their agreement with the Kumicks, the court is simply assuring that Mr. Napier, as garnishee, shall have no liability as a result of the garnishment proceedings for the transfer of those funds pursuant to the order of the court below.
Finally, we address the award of attorney's fees to appellees under section *356 701.04. That section provides for the award of attorney's fees to the prevailing party when a civil action arises from the failure to record a satisfaction of a lien, judgment or mortgage within sixty days of full payment of the lien, judgment or mortgage. Here, the parties negotiated for the release of a judgment lien for less than the full amount of the judgment. Therefore, section 701.04 is not applicable as this was a negotiated release of judgment rather than a payment in full, which would call for a satisfaction. We also note that an award of attorney's fees under section 57.105, Florida Statutes (1983), would not be proper because the action was not so completely devoid of merit as to be considered frivolous.
Thus, we affirm the denial of foreclosure and reverse the award of attorney's fees to appellees.
OTT, A.C.J., and LEHAN, J., concur.