PER CURIAM.
This is an appeal from a final judgment on the pleadings in favor of the defendants Sun Bank/Miami, N.A. and Yegen Associates, Inc. in an action sounding in indemnification and fraud; this is also a cross appeal from the trial court’s order denying the defendants’ application for attorney’s fees under Section 57.105, Florida Statutes (1985). We affirm.
First, we conclude that the plaintiff Richard Bertram & Company has no cause of action for indemnification or fraud against the defendants. The indemnification agreement between the parties covers only actions “resulting from” Sun Bank’s or Yegen’s removal of a certain yacht from the plaintiff’s premises. The plaintiff, however, seeks to recover indemnification on a final judgment entered against it in the bankruptcy court because the plaintiff accepted a fraudulent transfer of funds belonging to a bankrupt corporation when the plaintiff sold the yacht to the president of the said corporation. This judgment is not covered by the indemnification agreement because it did not result from Sun Bank’s or Yegen's subsequent removal of the yacht — but was based entirely on the plaintiff’s prior participation in a fraudulent transfer of the bankrupt corporation’s funds. Further, the plaintiff has utterly no cause of action against the defendants for common law indemnity or fraud. See Houdaille Indus. v. Edwards, 374 So.2d 490, 494 (Fla.1979); American Int’l Land Corp. v. Hanna, 323 So.2d 567 (Fla.1975); Miami Elevator Co. v. LaConcha Motor Inn, 462 So.2d 511 (Fla. 3d DCA 1985); *966 Roberts v. Rivera, 458 So.2d 786, 788-89 (Fla. 5th DCA 1984).
Second, the action instituted below approached, but did not constitute, a frivolous claim, as the plaintiff had a viable argument, albeit a weak one, that its loss was covered by the indemnity agreement because said loss would have been less had there been no repossession. Although the argument has no merit because the repossession was a perfectly lawful repossession and did not expose the plaintiff to any liability whatever, it is not, in our view, a frivolous position. This being so, the defendants were not entitled to attorney’s fees under Section 57.105, Florida Statutes (1985). See Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501, 505 (Fla.1982); Atlantic Nat'l Bank of Fla. v. Tworoger, 448 So.2d 616 (Fla. 3d DCA 1984); Cisneros v. Tarafa, 418 So.2d 338 (Fla. 3d DCA 1982).
Affirmed.