LEVY, Judge.
In 1980, appellees Arnaldo and Enoemia Gonzalez purchased a parcel of land from appellant Lorraine Parke and her husband. The Gonzalezes signed a note and wraparound mortgage in favor of the Parkes which provided that $22,000 would be paid to the Parkes over the course of ten years. Thereafter, the Parkes would grant the Gonzalezes a satisfaction of the mortgage, and the remaining indebtedness would be paid to a senior mortgagee. In 1984, Ar-naldo and Enoemia Gonzalez quit-claimed the property to their son, Arnold Gonzalez, and his wife, Esther. In December 1990, the junior Gonzalezes, believing they had paid down the mortgage by $22,000, asked Mrs. Parke, whose husband had since passed away, for a satisfaction. Mrs. Parke refused, claiming that she was owed a balloon payment of an additional $8,000 under the terms of the note and mortgage.
The junior Gonzalezes filed suit against Mrs. Parke in March 1991, seeking a satisfaction of the mortgage. Mrs. Parke filed a counterclaim, as well as a third-party claim against the senior Gonzalezes, requesting that the documents be reformed to include an additional $8,000 payment before the mortgage would be considered satisfied. In her counterclaim and third-party complaint, Mrs. Parke alleged that the $8,000 balloon payment was part of the parties’ original agreement, but was mistakenly omitted from the documents by the attorney who drafted them.
It was later discovered that the junior Gonzalezes had overlooked the final mortgage payment from December of. 1990 which would have brought the total payments over $22,000. This final payment was sent to Mrs. Parke’s attorney on August 7, 1991, along with 18% in accrued interest. Mrs. Parke, however, still refused to give a satisfaction on the mortgage, and the litigation continued over the alleged $8,000 balloon payment.
The Gonzalezes filed a motion for summary judgment which was granted. The trial court found that they were entitled to a written satisfaction of the mortgage in recordable form, and dismissed Mrs. Parke’s counterclaim and third-party complaint. The trial court also granted the Gonzalezes request for attorney’s fees and costs pursuant to Section 701.04, Florida Statutes (1991).
We affirm the entry of summary judgment in favor of the Gonzalezes. The trial judge examined the mortgage and promissory note in issue here, as well as the depositions of the parties and of the attorney who drafted these documents in 1980, in considering the motion for summary judgment. From this examination, the trial court concluded that, although Mrs. Parke did testify as to what she thought the documents should have said, the evidence presented was insufficient to support a reformation of the documents as a matter of law. See Robinson Point Lumber Co. v. Johnson, 63 Fla. 562, 58 So. 841 (1912); Niagara Fire Ins. Co. v. Allied Elec. Co., 319 So.2d 594 (Fla. 3d DCA), cert. dismissed, 322 So.2d 925 (1975); Sobel v. Lobel, 168 So.2d 195 (Fla. 3d DCA 1964). Because the Gonzalezes were in full compliance with the written terms of the mortgage and note, they were entitled to a satisfaction as a matter of law, and consequently, the entry of summary judgment was proper. See Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla.1982).
We reverse and remand, however, the award of attorney’s fees and costs to the Gonzalezes. Section 701.04, Florida Statutes (1991), authorizes the awarding of attorney’s fees and costs whenever a civil action arises out of the cancellation of a mortgage. Section 701.04 also provides that “[wjithin 60 days of the date of receipt of the full payment of the mortgage, ... the person required to acknowledge satisfaction of the mortgage ... shall send or cause to be sent the recorded satisfaction *707 to the person who has made the full payment.”
The Gonzalezes missed the December, 1990, payment. As a result, full payment, as required by the statute, was not made until August 7, 1991. A party may not recover attorney’s fees and costs incurred prior to 60 days after making full payment. See Olsen v. O’Connell, 466 So.2d 352 (Fla. 2d DCA 1985); Rudolph v. Unger, 417 So.2d 1095 (Fla. 3d DCA 1982). See also Atlantic Nat’l Bank of Fla. v. Tworoger, 448 So.2d 616 (Fla. 3d DCA 1984) (section 701.04 confined to actions brought by parties who have fully paid off mortgages). Sixty days following full payment in this case was October 6, 1991. Consequently, the Gonzalezes are entitled to recover only those attorney’s fees and costs incurred after October 6, 1991, and continuing through the time Mrs. Parke sent or sends to the Gonzalezes the written satisfaction. Accordingly, we reverse the award of attorney’s fees and costs, and remand to the trial court for awarding of attorney’s fees and costs in accordance with this opinion.
Affirmed in part; reversed in part and remanded.