DAUKSCH, Judge.
Appellant, Walter Jimenez, appeals a final order issued by appellee, Public Employees Relations Commission of the Department of Health and Rehabilitative Services (HRS), in which the commission denied his request for attorney’s fees and costs. Appellee dismissed appellant for failure to maintain established security procedures, falsification of records and negligence. Following an evidentiary hearing, the hearing officer concluded that appellee had just cause to discipline appellant for falsification of records. The hearing officer reduced the dismissal to a thirty-day suspension.
Appellant filed several exceptions to the hearing officer’s findings including a request for attorney’s fees and costs. Appel-lee affirmed the findings partially because of the absence of a hearing transcript. Regarding appellant’s claim for attorney’s fees and costs, appellee stated that it was the commission’s practice to deny such a request when just cause for discipline was found, notwithstanding the fact that disciplinary action taken against the employee may have been mitigated for being too severe. Accordingly, appellant was reinstated to his former position as a juvenile detention care worker with an award of back pay. Appellant now appeals appel-lee’s denial of his request for attorney’s fees and costs.
Section 447.208(3)(e), Florida Statutes (1991), the controlling statute in the present case, permits the commission, in the case of demotions, suspensions, or dismiss *466 als, to award reasonable attorney’s fees incurred during the employee’s prosecution of an appeal against an agency in which the commission sustains the employee. Appellant contends on appeal that a whole or partial award of attorney’s fees and costs is mandated where an employee’s appeal is “mostly sustained,” as in his case. He contends that appellee’s interpretation of the above statute can lead to arbitrary results by denying the attorney's fees claim of an employee who is reinstated with a one-day suspension but by fully compensating an employee who succeeds in having the suspension rescinded. He contends further that appellee’s policy of denying attorney’s fees to career service employees who are only partially successful in pursuing their appeal undermines legislative intent to provide those employees with the ability to secure competent counsel. He maintains that appellee’s current policy of denying a fees request for those who achieve “significant success” but are less than 100% successful results in a lack of incentive by attorneys to represent claimants with viable claims and thus, penalizes those claimants who are unable to afford their own counsel.
Appellee relies upon Board of Regents of the State of Florida v. Coffey, 378 So.2d 52 (Fla. 1st DCA 1979). The facts in that case show that Coffey was fired for stealing by the university which employed him. When he appealed to the Career Service Commission, the commission found that he had violated the university’s rules by committing a serious error in judgment. It reversed the university’s finding that he was guilty of stealing. Coffey was reinstated to his former position but suspended for six months without pay beginning as of the date of his dismissal. He was also awarded attorney’s fees. The Board of Regents appealed the commission’s order. The First District Court of Appeal affirmed in part and reversed in part. Specifically, the court affirmed the order suspending Coffey's employment for six months but reversed that portion of the order which awarded him his attorney’s fees.
Interpreting section 110.061(3), Florida Statutes (1977), predecessor to section 447.-208(3)(e), Florida Statutes, the district court found that Coffey was not sustained within the meaning of the statute. As with the present statute, section 110.061(3) also provided for an award of fees incurred by an employee for prosecution of an agency appeal “in which the commission sustains the employee.” The only reason given by the district court for its finding that Coffey was not sustained is that “statutes awarding attorney’s fees are in derogation of the common law and must be strictly construed.” Id.
Citing conflict with Coffey, we reverse appellee’s denial of appellant’s request for attorney’s fees and costs in the present case. We disagree with Coffey for the policy reasons set forth by the supreme court in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). In Rowe and its progeny, courts have noted that the reason attorney’s fees are awarded to wrongfully discharged employees is to insure that they are able to secure competent legal counsel because they are often with limited financial resources. The decision to award fees and costs is within the discretion of the commission, but it must exercise its discretion and consider all relevant factors before granting or denying the fees. Therefore, we reverse the order denying fees and remand to the commission for further consideration.
REVERSED and REMANDED.
GOSHORN, C.J., and DIAMANTIS, J., concur.
ON MOTION FOR CERTIFICATION
Although we noted conflict in our opinion and although the supreme court in the past has taken jurisdiction where conflict was patent, yet not “certified,” appellee asks us to certify conflict with Board of Regents of the State of Florida v. Coffey, 378 So.2d 52 (Fla. 1st DCA 1979). We so certify.
GOSHORN, C.J., and DIAMANTIS, J., concur.