**In re Richard R. SIX, Debtor.**

**Bankruptcy No. 93–04711–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 19, 1996.

Jay B. Verona, St. Petersburg, FL, for Debtor.

Gordon Kiester, Trustee, Tampa, FL.

Joel Treuhaft, Palm Harbor, FL, Special Counsel for Trustee.

Lee S. Damsker, Tampa, FL, for OB/GYN.

Nancy Farage, Tampa, FL, for Fort Brook Bank.

David Farash, Tampa, FL, for Cal Henderson.

## ORDER DETERMINING DEBTOR'S ENTITLEMENT TO AWARD OF ATTORNEY FEES

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion For Order Determining Debtor's Entitlement To Award of Costs and Attorneys Fees filed by Richard R. Six (Debtor). In support of his Motion the Debtor relies on section 701.04, Florida Statutes (1994). The facts relevant to the resolution of this controversy and the applicability of the Statute as they appear in the record are as follows:

On January 23, 1985, Building Bloc Associates (Building Bloc), a Florida general partnership, executed and delivered to Fort Brooke Savings & Loan Association ("Fort Brooke") a Promissory Note in the amount of $1,750,000. The Note was secured by a mortgage on certain commercial real property located in Brandon, Florida. The mortgage was later modified pursuant to an Agreement for Assumption of Note and Mortgage dated November 6, 1987, which provided that the Note and Mortgage would be assumed by Tri Ameri–Can Investments, a Florida general partnership, of which the Debtor was a general partner. The Debtor personally guaranteed the Note. When the Note fell into default, Fort Brooke filed a foreclosure action on August 2, 1990, in the Circuit Court of Hillsborough County, naming the Debtor and others as defendants. On December 14, 1990, the Circuit Court entered a Final Judgment of Foreclosure on the claim set forth in Count I, determining that Fort Brooke had a valid lien on the subject property securing the debt in the amount of $1,838,196.02 and ordered the property to be sold. On January 17, 1991, a foreclosure sale was held and Fort Brooke was the successful bidder, purchasing the property for $1,200,000. On the date of the sale, the amount of the Final Judgment, including post-judgment interest, was $1,838,-743.53. In due course, the Clerk issued a Certificate of Title to Fort Brooke conveying the legal ownership of the subject property.

On February 12, 1991, Fort Brooke obtained a Partial Final Judgment, as to Counts II, III, IV, and V, for damages against the partnership, Tri Ameri–Can Investments, and its partners, the Debtor and others, in the amount of $1,838,196.02, plus interest from December 14, 1990. The Judgment did not reflect a credit for the sale price bid at the sale or for any estimate of the fair market value of the property. Fort Brooke docketed its Writ of Execution with the Sheriff of Hillsborough County on April 10, 1991.

On May 22, 1992, Fort Brooke assigned its Judgment with the writ of execution to OB/GYN Solutions, L.C. ("OB/GYN"). As part of this transaction, Fort Brooke conveyed the

subject property to OB/GYN. Upon direction of OB/GYN, as assignee of the Final Judgment, the Sheriff levied on the stock owned by the Debtor in the Professional Association on June 18, 1992. On June 22, 1992 the Debtor filed his Motion to Satisfy Judgment and/or for Relief from Judgment in the Circuit Court. On July 10, 1992, the Circuit Court entered an order staying the execution and directing the Sheriff to hold the stock until further order of the Court. On March 16, 1993, OB/GYN filed a Motion for Summary Judgment directed to the Debtor's Motion to Satisfy Judgment and/or Relief from Judgment. The Motion was scheduled for hearing on April, 29, 1993. However, before the Motion could be heard, the Debtor filed his Voluntary Petition for Relief under Chapter 11 on April 28, 1993.

On May 2, 1994, this Court entered an Order On Motion For Summary Judgement and Order On Objection To Claim No. 12 of OB/GYN denying the Motion for Summary Judgment filed by OB/GYN and sustaining the Objection of the Debtor to Claim No. 12 of OB/GYN. The Court found, based on expert testimony, that the value of the property which was foreclosed exceeded $1,900,000.00, therefore, there was no valid deficiency claim remaining.

In the present matter under consideration, the Debtor contends that section 701.04 of the Florida Statutes (1994), entitles him to an award of attorneys fees and costs incurred in connection with Debtor's Objection to Claim No. 12. That section provides:

Cancellation of mortgages, liens, and judgements

[W]henever the amount of money due on any mortgage, lien, or judgment, shall be *fully paid* to the person or party entitled to the payment thereof, the mortgagee, creditor, or assignee, or the attorney of record in the case of a judgment, to whom *such payment shall have been made,* shall execute in writing an instrument acknowledging satisfaction.... [I]n the case of a civil action arising out of the provisions of this section, the prevailing party shall be entitled to attorney's fees and costs. (emphasis supplied)

The argument that this section warrants an award of fees and costs is disingenuous and furnishes scant, if any, support for the proposition urged by the Debtor. Section 701.04 is not applicable to the case at hand because the Debtor did not make a voluntary payment on the Note. In fact, the Debtor made no payment whatsoever on the Final Judgment. Rather, the satisfaction of the Note occurred by foreclosure of the Debtor's real property in question and by the subsequent judicial sale. The fact that this Court found the value of the property at issue to be at least $1,900,000 and disallowed the deficiency claim, does not entitle the Debtor to fees and cost under section 701.04.

In *Atlantic National Bank of Florida v. Tworoger,* 448 So.2d 616, 617 (Fla. 3d DCA 1984), the Court of Appeal held that under section 701.04, "attorneys' fees are not recoverable here, where the suit was instituted by the mortgagee bank to foreclose the mortgages, and the mortgagors' entitlement to satisfactions was a result of the foreclosure action being resolved by settlement of the litigation." The Court noted that the operation of section 701.04 is confined to civil actions "brought by a person who has fully paid an outstanding mortgage, lien, or judgment, ..." *Id.*

Since the Debtor in the present case has not fully paid the remaining balance secured by the mortgage lien, in fact he has paid nothing, this Court holds that section 701.04 is not applicable and, therefore, there is no basis for the relief sought by the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Order Determining Debtor's Entitlement to Award of Costs and Attorneys Fees filed by the Debtor be, and the same is hereby, denied.

DONE AND ORDERED.