PER CURIAM.
This is an appeal from an order of the Public Employees Relations Commission (PERC), which denied appellant, David Pipping, prevailing-party attorney’s fees, authorized pursuant to section 447.208(3)(e), Florida Statutes (1995).[1] Pipping contends that the commission erred in denying his application for fees, because he had substantially prevailed in his appeal before the agency by having his dismissal from the employment of the Department of Corrections (DOC) reduced to a 60-day suspension. We find no abuse of discretion and affirm.
In arguing that such suspension bears no reasonable relation to a dismissal, Pipping relies largely upon Jimenez v. Public Employees Relations Comm’n, 616 So.2d 465 (Fla. 5th DCA1993), which reversed a PERC order that had denied the award of fees against the employing agency under section 447.208(3)(e), after PERC had reduced the *722 employee’s dismissal to a 30-day suspension. In so concluding, the court noted that while the decision of whether to award fees is in PERC’s discretion, it can only exercise its discretion after considering all relevant factors. The court also certified conflict with this court’s decision in Board of Regents v. Coffey, 378 So.2d 52 (Fla. 1st DCA 1979), which had reversed an award of fees in favor of an employee by the Career Service Commission.
We question the Fifth District’s conclusion that its decision was in conflict with Coffey.[2] The opinion does not disclose the reasons why this court concluded that Coffey’s position was not sustained. In reversing, this court simply observed that because statutes allowing attorney’s fees are in derogation of common law, they must be given a strict construction. Accordingly, PERC must carefully evaluate all the relevant factors connected with a ease and determine to what degree the employee prevailed.
We cannot say, given the broad statutory language reposing in PERC the discretion on whether to award fees, that PERC abused its discretion by denying fees. Pipping challenged his dismissal on the ground that his employer had no just cause to discipline him at all. Although he did establish that DOC had failed to prove misconduct in regard to one of the three charges made against him, he did not prevail as to the remaining charges, one of which was for allowing numerous items of contraband inside the prison chapel. In the context of a correctional institution, this was a serious violation. His dismissal was mitigated to a suspension only because of his hitherto long and generally exemplary employment history.
AFFIRMED.
ERVIN and DAVIS, JJ., concur.
BENTON, J., dissents with opinion.

. This statute allows fees and costs "incurred during the prosecution of an appeal against an agency in which the commission sustains the employee.”

. Following Jimenez's certification of conflict, the supreme court initially agreed to review Jimenez, but later dismissed the petition for review. Department of Health & Rehab. Servs. v. Jimenez, 626 So.2d 204 (Fla.1993).