BENTON, Judge,
dissenting.
After more than twenty-six years as a chaplain in the employ of the Department of Corrections, David Pipping faced dismissal for, among other things, permitting one inmate to photograph another wearing a Halloween mask. While finding misconduct— the camera belonged to the Department, and contraband found in the prison chapel suggested inadequate supervision — the Public Employees Relations Commission (PERC) did not find him guilty of all charges; and agreed with, the chaplain that dismissal was too severe a sanction for what was proven.
In this way, the Reverend Mr. Pipping not only succeeded in recovering his current income — except for the pay he lost during the sixty-day suspension PERC ordered in lieu of dismissal — but also regained health insurance coverage and restored and enhanced valuable pension rights. He did not accomplish these things unassisted. Lawyers represented him in prosecuting the administrative appeal that eventuated in his reinstatement.
“[Attorney’s fees are awarded to wrongfully discharged employees ... to insure that they are able to secure competent legal counsel because they are often with limited financial resources.” Jimenez v. Public Employees Relations Commission, 616 So.2d 465, 466 (Fla. 5th DCA 1993). PERC is authorized to award a reasonable attorney’s fee when “the commission sustains the employee,” § 447.208(3)(e), Fla. Stat. (1995), and routinely does so whenever an employee prevails on every point litigated.
This case raises the question whether PERC “sustained] the employee” when it ordered the Department of Corrections to put him back to work after a sixty-day suspension, instead of dismissing him. At stake is whether public employees will have access to legal counsel when, although not blameless, they stand accused of more than they are guilty, and (perhaps as a result) face sanctions disproportionate to their misconduct.
Today the majority approves PERC’s conclusion that, while it “partially sustained” the employee, it properly declined to award attorney’s fees because the employee did not “substantially prevail.” In doing so, the majority refrains from explicitly endorsing the “two-pronged test” PERC purported to ap *723 ply in concluding that it did not “sustain” the chaplain in reinstating him to his job.
But the majority does put its imprimatur on the arbitrary and capricious results that test has produced in this and other PERC decisions in this area. Compare the present case with Hughes v. Department of Corrections, 11 FCSR ¶ 068 (1996)(awarding fees where dismissal was reduced to a suspension of thirty workdays). Compare Battles v. Department of Corrections, 11 FCSR ¶ 107 (1995)(declining to award fees where five-day suspension was reduced to one-day suspension) with Fitzgerald v. Department of Corrections, 11 FCSR ¶ 095 (1996)(awarding fees where five-day suspension was reduced to two-day suspension). See also Cool v. Department of Corrections, 11 FCSR ¶212 (1996)(awarding fees where twenty-workday suspension was reduced to three-day suspension).
Restoring an employee to a position in which he has spent most of his working life affords much more significant relief — does much more to “sustain” the employee — than reducing a suspension by three days, as occurred in Fitzgerald, where PERC awarded fees. I would reverse and remand with directions to award a reasonable fee for the portion of the chaplain’s attorneys’ efforts that prevented his wrongful discharge.