PETERSON, J.
Kathleen Kelley appeals a final order of the Public Employees Relation Commission (PERC) demoting her from the position of law enforcement lieutenant with the Florida Fish and Wildlife Conservation Commission (FWCC) and denying her costs and attorney’s fees after finding that she was not the prevailing party. We affirm the final order and address only the issue of the failure to award attorney’s fees to Kelly. We also find no merit in FWCC’s cross-appeal.
Kelley asserts PERC erred by failing to award attorney’s fees and costs to her because the FWCC initially terminated her employment and PERC ruled that action to be too severe and reinstated her. Kelley contends that she is entitled to a reversal on this issue pursuant to this court’s decision in Jimenez v. PERC, 616 So.2d 465 (Fla. 5th DCA 1998). Jimenez recognized that while the decision to award fees and costs is within PERC’s discretion, it instructed PERC to consider all relevant factors before granting or denying the fees. See id. at 466. In the instant case, PERC did exactly as this court instructed in Jimenez.
The record reveals that when Kelley challenged FWCC’s termination of employment, she disputed all five charges against her. She prevailed on one charge and only partially prevailed on another. As to the remaining three charges PERC sustained FWCC’s finding that just cause existed to discipline Kelley for the violation. Kelley’s dismissal was then mitigated to a demotion only because she was considered “a very good employee during her nineteen years with [FWCC], and [because a co-worker] who engaged in the identical misconduct, was not treated as severely.” Based upon these facts, PERC did not abuse its discretion by denying Kelley her attorney’s fees and costs. See, e.g., Pipping v. Department of Corrections, 700 So.2d 721 (Fla. 1st DCA 1997)(PERC acted within its discretion in denying employee attorney’s fees under section 447.203(3)(e), Florida Statutes where employee had challenged his dismissal on ground that DOC had no just cause to discipline him at all, employee prevailed as to only one of three charges against him, one of the remaining charges was for having contraband inside a prison chapel, and employee’s dismissal had been reduced only based on his long and generally exemplary employment history).
Reasonable persons may differ with PERC’s decision, but it was a close call and within PERC’s discretion.
AFFIRMED.
GRIFFIN and ORFINGER, R.B., JJ., concur.