PER CURIAM.
The defendant filed a petition for writ of habeas corpus, arguing the trial court improperly revoked his bond. We granted the petition and ordered the defendant released on the bond posted on January 10, 2004. This opinion follows.
■On July 1, 2003, the defendant was arrested for possession of cocaine and drug paraphernalia. The defendant posted the one-thousand dollar bond and was released.
On November 17, 2003, the defendant was arrested again for possession of cocaine and drug paraphernalia. Bond was set at one-thousánd dollars. The State filed the new charges and moved to revoke the defendant’s bond based upon the new arrest.
The court conducted a hearing, during which the prosecutor presented the court with the probable cause affidavit from the new arrest, the defendant’s prior criminal history, and the sentencing guidelines. The court denied the State’s motion. The defendant posted the new bond and was released.
The case was transferred to another criminal division. The defendant appeared before the new judge on March 29th and April 15th without incident. However, at the second hearing, the prosecutor asked the new judge to revoke the new bond based upon the second arrest. Defense counsel argued the issue had previously been decided by another judge and no new circumstances had been presented to warrant revocation of the new bond. The new judge revoked the bond and remanded the defendant.
The defendant is entitled to a reasonable bond.
Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable -conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judi- *533 rial process, the accused may be detained.
Fla. R.Crim. P. 3.131. There is no doubt the court has the authority to revoke a defendant’s pretrial release “if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release.” See § 903.0471, Fla. Stat. (2000). However, the original judge considered the request to revoke the defendant’s bond ánd denied the request. One circuit court judge does not have the authority to reverse the prior order of another circuit court judge. See Hewlett v. State, 661 So.2d 112 (Fla. 4th DCA 1995). In this case, the State failed to present any new evidence to warrant a second consideration of its request to revoke the defendant’s bond.
We grant the petition for writ of habeas corpus and remand for further proceedings.
TAYLOR, HAZOURI and MAY, JJ., concur.