DANAHY, PAUL W., Senior Judge.
In this foreclosure action brought by the first mortgagee, Washington Mutual Bank, F.A., we review the trial court’s judgment ruling that the second mortgagees, Paul and Marie Shelton, were entitled to costs and attorney’s fees. We reverse because the court had no authority to make the award.
Cindy Crossland, owner of property in Charlotte County, executed her note and mortgage to a financial institution that assigned them to the appellant, Washington Mutual Bank, F.A. Ms. Crossland later executed a note and second mortgage to the appellees, Paul and Marie Shelton. Ms. Crossland defaulted on her obligation to the Bank, which resulted in this foreclosure action. The Sheltons were joined as defendants because of their status as inferior mortgagees.
There were several delays in the suit. At the outset, the Sheltons moved the trial court to sanction the Bank for its failed efforts to effect service of process on them. Some of the difficulties in service occurred because the Sheltons lived half the year in Indiana and the Bank did not effect legal service there. In any event, the Sheltons ultimately withdrew their motion and submitted themselves to the jurisdiction of the court.
Initially the Sheltons contended that they, not the Bank, held the superior mortgage. They abandoned this position when they recognized that documents of record clearly established the superiority of the Bank’s mortgage. Further delays occurred when the Sheltons mistakenly believed that their contractual relation with Ms. Crossland allowed them to resolve the foreclosure suit by merely paying the Bank the amount necessary to bring Ms. Crossland’s defaulted obligation current. They wrote a series of increasingly acrimonious letters to the Bank demanding that they be allowed to pay the amount due to reinstate the delinquent first mortgage. The Bank refused this demand, as it had the right to do, since the Bank had no contractual relations with the Sheltons. Nevertheless, at all times the Bank recognized the Sheltons’ equitable right of redemption pursuant to chapter 45.0315, Florida Statutes (2002), and did provide them with a full payoff amount on at least two occasions.
The Sheltons eventually realized that their equity of redemption entitled them only to pay the Bank’s mortgage in full. *549 They then tendered the payoff amount provided by the Bank, but submitted it past the due date contained in the Bank’s payoff letter, at which time the tendered amount was no longer sufficient because additional interest had accrued. Next, the Sheltons moved the court to allow them to deposit the funds into the court registry. Judge Steinbeck held an evidentiary hearing on the Sheltons’ motion. In her order denying the motion, Judge Steinbeck made a number of factual findings, including a finding that on several occasions the Bank provided the Sheltons amounts with payoff figures, and that “the Sheltons failed to tender full payment of the amounts due and owing.” The findings in that order are supported by the competent, substantial evidence adduced at the hearing.
Following this hearing and order, the Sheltons provided the Bank with the correct payoff amount in full. Since the Crossland debt was fully paid, the Bank promptly filed its notice voluntarily dismissing this foreclosure suit and cancelling its lis pendens on the property.
Following the Bank’s dismissal, the Sheltons filed a motion to tax costs and attorney’s fees. They contended that, pursuant to the authority in section 701.04, Florida Statutes (2002), they were the prevailing parties in the suit because they had protected their right of redemption by paying off the first mortgage despite the Bank’s failure to provide the required payoff figures. The successor judge, Isaac Anderson, Jr., conducted a hearing on the motion and entered the judgment we review, which awarded costs and fees to the Sheltons as prevailing parties in the suit. Judge Anderson found that the Bank had an obligation under section 701.04 to furnish accurate and timely payoff figures to the Sheltons and, despite the earlier finding to the contrary by Judge Steinbeck, that it had failed to do so. Based on this ruling, Judge Anderson concluded that the Sheltons “prevailed on the significant issues in this cause relating to themselves and were the prevailing parties.”
Generally, “prevailing party attorney’s fees will be awarded upon the voluntary dismissal of an action so long as there is either a contractual or statutory basis for doing so and the request for fees has been properly pleaded.” Ajax Paving Indus., Inc. v. Hardaway Co., 824 So.2d 1026, 1029 (Fla. 2d DCA 2002). In the Sheltons’ motion for costs and fees, they pleaded only the applicability of section 701.04. That statute reads:
(1) Within 14 days after receipt of the written request of a mortgagor, the holder of a mortgage shall deliver to the mortgagor at a place designated in the written request an estoppel letter setting forth the unpaid principal balance, interest due, and the per diem rate. Whenever the amount of money due on any mortgage, lien, or judgment shall be fully paid to the person or party entitled to the payment thereof, the mortgagee, creditor, or assignee, or the attorney of record in the case of a judgment, to whom such payment shall have been made, shall execute in writing an instrument acknowledging satisfaction of said mortgage, lien, or judgment and have the same acknowledged, or proven, and duly entered or record in the book provided by law for such purposes in the proper county. Within 60 days of the receipt of the full payment of the mortgage, lien, or judgment, the person required to acknowledge satisfaction of the mortgage, lien, or judgment shall send or cause to be sent the recorded satisfaction to the person who has made the full payment. In the case of a civil action arising out of the provisions of this section, the prevailing party shall be entitled to attorney’s fees and costs.
We find that section 701.04 does not provide authority for the award of *550 costs and attorney’s fees in the case before us. “[Statutory authorization for attorney fees is to be strictly construed.” Sarkis v. Allstate Ins. Co., 863 So.2d 210, 223 (Fla.2003). This rule of strict construction has been specifically applied to section 701.04. See Atl. Nat’l Bank of Fla. v. Tworoger, 448 So.2d 616, 617 (Fla. 3d DCA 1984); Rudolph v. Unger, 417 So.2d 1095 (Fla. 3d DCA 1982). Under such strict construction, section 701.04 would apply only to the mortgagor, in this case Ms. Crossland. Further, even were the statute extended to a junior lienor who pays off the first mortgage, the Sheltons make no contention that they did not obtain a timely estoppel letter from the Bank or that the Bank failed to provide a satisfaction of the Crossland mortgage promptly once they paid it off in full.
“[A] civil action arising out of the provisions” of Section 701.04, the express predicate to the recovery of attorney’s fees, is necessarily confined to one brought by a person who has fully paid an outstanding mortgage, lien or judgment, but despite such payment is compelled to sue to obtain a satisfaction in order, in the usual case, to remove the cloud on the title caused by the previously recorded mortgage, lien or judgment.
Tworoger, 448 So.2d at 617; see also Olsen v. O’Connell, 466 So.2d 352, 356 (Fla. 2d DCA 1985); Parke v. Gonzalez, 606 So.2d 705, 707 (Fla. 3d DCA 1992); Atl. Nat’l Bank v. Tworoger, 554 So.2d 565, 567 (Fla. 4th DCA 1989); In re Six, 195 B.R. 791, 793 (Bankr.M.D.Fla.1996). And importantly, there was no additional evidence adduced at the hearing on the Sheltons’ postdismissal motion to support a finding that was contrary to Judge Steinbeck’s evidence-based findings, that the Bank did provide payoff figures on at least two occasions and that the Sheltons had not tendered a sufficient amount on those occasions. See State v. Gary, 609 So.2d 1291, 1293-94 (Fla.1992); Gadson v. Jenne, 882 So.2d 531, 533 (Fla. 4th DCA 2004).
After previously failing in their attempts to reinstate the first mortgage, and then failing on at least two occasions to pay it off, the Sheltons finally exercised their right of redemption and did pay off the Bank’s superior mortgage debt in full. That satisfied the Bank’s debt, but it does not make the Sheltons the prevailing parties for purposes of costs and attorney’s fees under the statute. Cf. Padow v. Knollwood Club Ass’n, Inc., 839 So.2d 744 (Fla. 4th DCA 2003); Wendy’s Int’l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680 (M.D.Fla.1996).
Accordingly, the judgment is reversed.
SALCINES and SILBERMAN, JJ., concur.