DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHAVIS JOHNSON,**
Petitioner,

v.

**STATE OF FLORIDA** and **RIC L. BRADSHAW,** As Sheriff,
Respondents.

No. 4D19-826

[May 1, 2019]

Petition for writ of habeas corpus to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Colbath and Glenn Kelley, Judges; L.T. Case Nos. 502018CF010387A, 502018CF011707A and 502019CF002203A.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for petitioner.

Ashley B. Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for respondents.

PER CURIAM.

Defendant Shavis Johnson petitions for a writ of habeas corpus challenging his pretrial detention. He contends that a first appearance judge's ruling declining to revoke bond in pending cases bound the trial court. We disagree and deny the petition writing to clarify that, absent circumstances not present here, the ultimate authority to revoke an existing bond lies with the court having trial jurisdiction.[1]

---

[1] Petitioner filed a notice of voluntary dismissal after this opinion had been prepared. We exercise our discretion and release this opinion to clarify the law. *Bared & Co., Inc. v. McGuire*, 670 So. 2d 153, 154–55 (Fla. 4th DCA 1996) ("[A]n appellate court has discretion to release an opinion after a voluntary dismissal where the court had already expended substantial effort in preparing an opinion before the dismissal and the public interest will be thereby subserved.").

## Background

Defendant was charged in two 2018 case numbers with felony offenses. He posted bond and was released. While on release, he was arrested in a 2019 case number for possession of crack cocaine with intent to sell, possession of marijuana, possession of a firearm by a convicted felon, and possession of ammunition by a convicted felon.

At first appearance for the 2019 case, the state advised the first appearance judge of the 2018 cases and asked that bond be revoked in those cases. The state noted defendant's history of violence and that he has approximately 12 prior felony convictions – including robbery, burglaries, and thefts. Defendant's girlfriend addressed the court and asked that he not be taken into custody because he is the only one who helps with the kids. The first appearance judge declined to revoke bond in the 2018 cases and set a total bond of $65,000 for the 2019 case. Defendant posted the bond and was released.

The state then filed a motion to revoke bond in the 2018 cases. Ultimately, the trial judge assigned to those cases revoked bond and ordered pretrial detention. This petition followed.

## Analysis

"As a condition of pretrial release, whether such release is by surety bail bond or recognizance bond or in some other form, the defendant must: (a) Refrain from criminal activity of any kind." § 903.047(1)(a), Fla. Stat. (2018). The trial court can order pretrial detention when it finds probable cause that the defendant violated this condition by committing a new offense. Section 903.0471, Florida Statutes, "**Violation of condition of pretrial release**," provides: "Notwithstanding s. 907.041, a court may, on its own motion, revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release."

Defendant argues that, because the first appearance judge declined to revoke bond based on the new offenses, the state was required to show "good cause" and changed circumstances to modify this ruling. *See* Fla. R. Crim. P. 3.131(d)(2) ("The state may apply for modification of bail by showing good cause and with at least 3 hours' notice to the attorney for the defendant."); *Keane v. Cochran*, 614 So. 2d 1186, 1187 (Fla. 4th DCA 1993) (holding that where the state seeks modification of pretrial release conditions, the "good cause" requirement of rule 3.131(d)(2) requires a

showing of changed circumstances that were not considered by the judge when previously setting bond).

We disagree.  When a defendant violates pretrial release conditions, the statutes and rules of criminal procedure vest the judge having trial jurisdiction with the ultimate authority to revoke an existing bond and order commitment.  The first appearance judge's ruling did not bind the trial court or preclude it from exercising its authority to order pretrial detention under the statute.

Florida Rule of Criminal Procedure 3.131(g) provides:  "The court *in which the cause is pending* may direct the arrest and commitment of the defendant who is at large on bail when:  (1) there has been a breach of the undertaking."  (emphasis supplied).  "If the defendant applies to be admitted to bail after recommitment, *the court that recommitted the defendant shall determine conditions of release*, if any, subject to the limitations of (b) above."  Fla. R. Crim. P. 3.131(h) (emphasis supplied).

Generally, only the trial judge can modify existing pretrial release conditions:

> **(d) Subsequent Application for Setting or Modification of Bail.**
>
> (1) When a judicial officer not possessing trial jurisdiction orders a defendant held to answer before a court having jurisdiction to try the defendant, and bail has been denied or sought to be modified, application by motion may be made to the court having jurisdiction to try the defendant or, in the absence of the judge of the trial court, to the circuit court.  The motion shall be determined promptly.  No judge or a court of equal or inferior jurisdiction may modify or set a condition of release, unless the judge:
>
> > (A) imposed the conditions of bail or set the amount of bond required;
> >
> > (B) is the chief judge of the circuit in which the defendant is to be tried;
> >
> > (C) has been assigned to preside over the criminal trial of the defendant; or

(D) is the first appearance judge and was authorized by the judge initially setting or denying bail to modify or set conditions of release.[2]

Fla. R. Crim. P. 3.131(d); *see also* § 903.02(2), Fla. Stat. (2018) (containing similar provisions).

The trial judge has inherent authority to enforce the pretrial release orders in the existing cases and the ultimate authority to order pretrial detention in those cases. Fla. R. Crim. P. 3.132(b) ("A motion for pretrial detention may be filed at any time prior to trial. The motion shall be made *to the court with trial jurisdiction.*" (emphasis supplied)); *see also* § 903.03(1), Fla. Stat. (2018) ("After a person is held to answer by a trial court judge, *the court having jurisdiction to try the defendant* shall, before indictment, affidavit, or information is filed, have jurisdiction to hear and decide all preliminary motions regarding bail . . . ." (emphasis supplied)).

When a defendant is arrested for new charges while on pretrial release for existing cases, the rules provide a mechanism for the first appearance judge to hold a defendant pending a ruling by the trial court:

> [At first appearance,] the judicial officer may inquire whether the state intends to file a motion for pretrial detention, and if so, grant the state no more than three days to file a motion under this subdivision. Upon a showing by the state of probable cause that the defendant committed the offense and exigent circumstances, the defendant shall be detained in custody pending the filing of the motion.

Fla. R. Crim. P. 3.132(a).

But, the first appearance judge's decision is only temporary and subject to the trial judge's ultimate discretion. *See, e.g.,* Fla. R. Crim. P. 3.130(d) (allowing the judge at first appearance to commit a defendant charged with violating probation "to be brought before the court that granted probation . . . to await further hearing"). Although the first appearance judge declined to detain defendant, this ruling did not bind the trial court, which has the ultimate authority to revoke pretrial release under section

---

[2] Rule 3.131(j) allows a trial judge issuing a capias to endorse the amount of bail, if any, and permits the trial judge to "authorize the setting or modification of bail by the judge presiding over the defendant's first appearance hearing." Thus, the rules allow the trial judge to cede its authority to the first appearance judge. That did not occur here.

903.0471, Florida Statutes. *See, e.g., Santiago v. Ryan,* 109 So. 3d 848, 850 (Fla. 3d DCA 2013) (denying habeas corpus petition where the trial court revoked bond under section 903.0471 even though defendant had been released on bond at first appearance for a new offense).

Defendant relies on *Gadson v. Jenne,* 882 So. 2d 531 (Fla. 4th DCA 2004), but that case is distinguishable. In *Gadson,* the trial judge had declined to revoke bond and a successor trial judge—after the case was transferred to another division—purported to reverse the prior trial judge's ruling. *Id.* at 533 ("One [trial] circuit court judge does not have the authority to reverse the prior order of another [trial] circuit court judge.").

Here, the first appearance judge determined simply whether there was probable cause for the new offenses and set pretrial release conditions for those offenses. The first appearance judge had no authority to make a final determination over the pretrial release conditions in the pending 2018 cases. The trial court properly exercised its authority to revoke bond pursuant to section 903.0471, Florida Statutes.

Accordingly, the petition for writ of habeas corpus is denied.

*Petition denied.*

GERBER, C.J., CIKLIN and LEVINE, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

5